## STATE v. DUPUY.

ASSIGNMENT : *For benefit of creditors : Instrument constituting.*

A deed without defeasance and which conveys absolutely to a person named therein as trustee, a stock of merchandise, directing him to take immediate possession of the goods and to sell them at private sale for cash, and out of the proceeds to pay the debts of certain creditors of the grantor mentioned in the deed, reserving the surplus for the grantor, is by its terms an assignment for the benefit of creditors, and as it directs the execution of the trust in a manner prohibited by the statute of assignments (*Mansf. Dig., secs. 305–309*) it is fraudulent and void as to attaching creditors.

APPEAL from *Lee* Circuit Court.

M. T. SANDERS, Judge.

*J. C. Tappan* and *J. J. Hornor*, for appellant.

1.   Deeds are to be construed so as to render them operative, if possible. *6 Ark., 109.* Every instrument intended (as was this) as security for a debt, although absolute on its face, will be construed to be intended as a mortgage, and parol testimony is admissible to establish the fact. *5 Ark., 321 ; 7 id., 505 ; 13 id., 112 ; 18 id., 34 ; 15 id., 284.*

Wherever there is a debt and a conveyance to secure same, the policy of the law is to constitute it a mortgage. *2 Story Com., 287.*

The instrument was a mortgage or deed of trust in the nature of a mortgage. It had none of the elements of an assignment. *4 N. Y., 211 ; 21 N. Y., 131 ; 31 Ark., 429.*

*E. D. Robertson*, for appellee.

*37 Ark, 151, and 39 Ark., 66*, are conclusive of this case. See *1 Fed. Rep., 768.*

SANDELS, J.    Suit by appellant against Sheriff and his bondsmen, for damages alleged to have been sustained in the seizure of certain goods by the Sheriff.

The only question was as to the character of an instrument of conveyance from one Foster to West.

The deed executed by Foster to West recited the parties, being Thomas Foster of the one part, N. Straub and Henry Lohman, and D. C. Smith of the second part, and P. C. West, as trustee for said Straub & Lohman, and D. C. Smith of the third part; described the debt due to Straub individually, the debt due to the firm of Straub & Lohman, and the debt due to Smith; the desire of Foster to secure the payment of the same and then conveyed in consideration of ten dollars then received, to said West, "all the stock of merchandise, consisting of dry goods, groceries, boots, shoes, hardware, hats, caps and other such articles usually kept in a country store, now in the store-house of said Thomas Foster, in the Town of LaGrange, in the County of Lee and State of Arkansas, an inventory and schedule of which is hereto attached, marked *No. 1*, and made part of this deed as if copied 'herein' to be held by said West in trust, that he should take immediate possession and sell said goods at private sale for thirty days for cash, at not less than the cost price of same in said store; then, if said goods were not all sold, to sell at public auction, and with the proceeds of sale to pay first all expenses, then said debts, and the balance to pay over to said Foster, said West to have the power to appoint suitable assistants, to possess said goods and to make sale of same. And in the event of his death, refusal to act, neglect or inability, the said second party had power to appoint another trustee, who should have all the powers therein conferred upon said West."

The court found the facts from the evidence and declared the law as follows: "Thomas Foster, a merchant, was indebted to the firm of Straub & Lohman and D. C. Smith, and on the 2d day of February, 1885, executed and delivered to D. C.

LII.—4.

ASSIGN-MENT: For benefit of creditors: Instrument constituting.

Smith, one of said creditors, to be by him delivered to P. C. West, the trustee therein named, the instrument of writing introduced in evidence. By the terms of the instrument, Foster sold and conveyed to said West, a stock of merchandise in his store-house in LaGrange, Lee County, Arkansas, which was to be disposed of by West as therein directed, and the proceeds applied, after paying expenses, to the payment of the debts due Straub & Lohman and D. C. Smith, reserving the balance of the proceeds to himself. West took possession of and held said stock and merchandise under and by virtue of said instrument. Afterwards, within a few days, the defendant and Sheriff levied several valid writs of attachment upon the stock and took it from the possession of West. The suits in which said writs of attachment were issued and so levied, were against said Foster, and were duly prosecuted and judgment recovered against him for amounts which exceeded the value of the goods taken, and the latter were duly condemned and sold to satisfy said judgments, no surplus remaining. The instrument of writing by virtue of which West took and held possession of the stock of goods was not given by way of security as a mortgage or deed of trust; there is no defeasance. It does not create a lien upon the goods, but conveys them absolutely for the purpose of raising a fund to pay debts, and until this was done, Foster had no legal or equitable interest in the property that could be sold by him or reached by his creditors. The instrument was not a deed of trust in the nature of a mortgage. By its terms it was an assignment for the benefit of creditors, and considering it as a deed of assignment it is clearly fraudulent and void as to the attaching creditors." The Circuit Court was right upon both the law and facts, and its judgment is affirmed.