PENZEL COMPANY *v.* JETT.

Decided April 25, 1891.

*Mortgage—Assignment—Construction.*

> A deed which provides for immediate surrender of the property conveyed to a trustee for certain creditors, with directions to sell at private sale without delay and to pay the debts, whether mature or not, as fast as funds can be realized, is an assignment for the benefit of creditors, and not a mortgage; notwithstanding it provides that the deed is to be void if the debtor shall pay the debts as they fall due. The defeasance clause under such circumstances amounts to no more than an express reservation of a right which the law implies, and therefore does not change the legal effect of the instrument.

APPEAL from *Hempstead* Circuit Court.

CHARLES E. MITCHEL, Judge.

A deed of trust in the nature of a mortgage was executed by W. A. Jett, an insolvent merchant, for the benefit of certain of his creditors. Suit in attachment was brought to test its validity. Plaintiff has appealed from a judgment sustaining the conveyance and dismissing the attachment. The case depends upon the construction to be given to the instrument on its face, plaintiffs contending that it was in effect an assignment for the benefit of creditors, and void

because not executed in compliance with the statute regulating assignments.

The instrument, after the *habendum* clause, which is similar to that in the deed construed in *Robson* v. *Tomlinson, ante,* p. 229, continues : " Now, if I shall well and truly pay said sums as they fall due, then this obligation is to be void; otherwise to remain in full force and effect. The said trustee is hereby authorized to take possession of said property immediately upon the execution of this conveyance, and proceed to sell the same in due course of trade at private sale for cash for the space of ninety days, and shall apply the proceeds to the payment of said debts, preferring them in the order in which they appear herein. If, at the expiration of ninety days, the said debts, or any part thereof, remain unpaid, the said trustee is hereby instructed to sell the remainder of said goods that may remain on hand at public auction, in bulk or by the piece as may be most advantageous, for cash, after giving ten days' notice of the time, place and terms of sale, by advertisement in some newspaper published in said county. Said trustee is hereby authorized to collect all indebtedness in such manner as in his judgment may seem best, and may sue in my name for the benefit of my said creditors for any claim or indebtedness hereinbefore mentioned. And it is further provided, that if said goods should sell for more than enough to pay said indebtedness and the expense of this trust, that he pay the further sum to the following creditors, preferring them in the order in which they appear, to wit : [Naming them.] And it is hereby further provided, that the expense of this trust be first paid, and that said trustee is hereby instructed to hold a sufficient sum to pay the expenses of the execution and carrying out of this conveyance, and that, after retaining a sum sufficient for said purpose, he immediately pay off said debts, upon the receipt of sufficient funds, in the order in which they appear."

*J. M. Moore* for appellant.

The instrument is an assignment to pay debts, and not a mortgage to secure them. The conveyance was not to a creditor, but to a stranger, and provided for immediate possession and sale, and the application of the proceeds to the preferred debts. The clause of defeasance does not change its character or effect. The rule of construction applicable is stated in 31 Ark., 439; 52 *id.*, 30; 13 S. W. Rep., 423.

*J. D. Conway, D. W. Jones* and *Thomas B. Martin* for appellee.

The deed is on its face a mortgage, with a reservation of the right to pay off the debts, and thus procure reinvestment of title in the grantor, and there is no evidence to show an intention different from that expressed by it. It was a mortgage. 31 Ark., 437; 52 *id.*, 30; 53 Ark., 101 ; 16 Ohio, 216; 5 *id.*, 130; 21 N. Y., 131 ; 14 Fed. Rep., 160 ; 67 Tex., 315 ; 19 Iowa, 479; 58 *id.*, 589 ; 47 Ind., 372 ; 49 Wis., 486 ; 62 *id.*, 554; 66 Iowa, 237.

*R. B. Williams, amicus curiæ.*

When mortgage construed to be assignment.

COCKRILL, C. J. It is contended that because there is a defeasance clause and no evidence *dehors* the instrument to control its meeting, it must be construed to be a mortgage, and cannot be declared an assignment for the benefit of creditors. But to ascertain whether the parties intended the instrument as a security for debts, or as an absolute appropriation of the property described to raise a fund to pay the debts, all its provisions must be read together. If, when viewed as a whole, the intent of the parties is found to be the former, the instrument must be declared a mortgage ; if the latter, an assignment. *Robson* v. *Tomlinson, ante* p. 229, and cases cited. It provides for the immediate surrender of the possession of the property described to a trustee for numerous creditors, with directions to proceed to sell it at private sale without delay, and to pay the debts, whether mature or not, in the order enumerated, as fast as funds could be realized from the sale. These are the main provisions of the instrument, and it is apparent from them that the

appropriation of the property to raise a fund to pay debts is its primary object. It is then an assignment, unless the defeasance clause converts it into a mortgage. The defeasance in a mortgage rests upon a future contingency, as after so many days, or when the debt matures. But here there is an immediate appropriation of the property without any contingency. It may be said that the intention was to reserve the right to redeem at any time before the goods were sold. That right exists in every assignment for the benefit of creditors, although not expressly reserved. The debtor always has the right to resume control of the assigned property, upon paying the debts and remunerating the assignee, for the trust is then fully executed, and no one can complain. An express reservation of a right which the law implies does not change the legal effect of the instrument. It remains then an assignment for the benefit of creditors, and is void for non-compliance with the statute.

The case is practically controlled by the decision in *Box* v. *Goodbar, ante* p 6.

Reverse the judgment and remand the cause with instructions to sustain the attachment, and for such further proceedings as may be necessary to subject the property to the payment of the appellant's judgment.