APPOLOS *et al. v.* BRADY *et al.*

*(Circuit Court of Appeals, Eighth Circuit.* February 8, 1892.)

1. INDIAN TERRITORY—ADOPTION OF ARKANSAS STATUTES—FOLLOWING ARKANSAS DECISION.
    In construing the statutes of Arkansas which were extended over the Indian Territory by Act Cong. May 2, 1890, the federal courts will follow the decision of the supreme court of that state.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS—CONSTRUCTION OF DEED.
    In determining whether a given instrument is an assignment for the benefit of creditors, under the law of the Indian Territory as adopted from Arkansas, the test is, according to the settled rule of Arkansas decisions, whether it was the intention of the parties to divest the debtor of the title, and to make an appropriation of the property to raise a fund to pay debts.

3. SAME.
    Under this rule an instrument conveying property to a trustee, empowering him to take possession, sell at private sale, pay certain debts from the proceeds, together with all expenses, and then to turn over the remaining property and proceeds to the grantor, is an assignment, since no equity of redemption is reserved.

4. SAME—PAROL EVIDENCE.
    While it is proper, in determining whether a given instrument is an assignment for benefit of creditors, or merely a mortgage, to show the intention of the parties by parol evidence of their situation, and of their acts in connection with the transaction, yet they themselves cannot be allowed, as against third persons, to testify as to what they had in mind when executing the paper.

5. SAME—VALIDITY.
    In the Indian Territory an assignment for the benefit of creditors is void when the trustee is directed to sell at private sale, and when no bond is filed, as required by the Arkansas statute.

In Error to the United States Court in the Indian Territory.

Action by J. B. Brady, D. C. Brady, and W. H. Brady, commenced by attachment, against A. M. Means and J. S. B. Appolos, intervener. Verdict and judgment sustaining the attachment. Defendants bring error. Affirmed.

*W. O. Davis,* for plaintiffs in error.

*A. Eddleman* and *A. C. Cruce,* for defendants in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

SHIRAS, District Judge. The defendants in error brought an action at law in the United States court in the Indian Territory against A. M. Means to recover the amount due upon a draft drawn upon and accepted by him, and caused a writ of attachment to be issued and levied upon certain articles of personal property. The defendant below traversed the facts relied upon as grounds for the issuance of the attachment, and one J. S. B. Appolos intervened in the cause for the purpose of asserting his rights to the attached property, based upon a written instrument executed to him as trustee, and which he averred was in fact a mortgage given to secure the claims of the firms named therein, to whom A. M. Means was indebted. The case went to trial before the court and jury upon these issues, with the result that the attachment was sustained, and the claim of the intervener was defeated on the ground that the instrument under which he claimed the attached property was an assign-

ment, and not a mortgage, and that as a deed of assignment it was void. The errors assigned relate only to the question touching the instrument under which the intervener claimed the property, the correctness of the verdict and judgment on the issue made upon the attachment not being questioned before this court.

The act of congress of May 2, 1890, makes applicable to the Indian Territory certain portions of the statutes of the state of Arkansas, including the chapter dealing with the subject of assignments of property for the benefit of creditors. When called upon to construe the sections of the statutes thus adopted, we deem it our duty to follow the construction given thereto by the supreme court of Arkansas. The adoption of this course as the settled rule to be followed by this court, and the court of original jurisdiction in the Indian Territory, must commend itself to all interested. Many, if not all, of the adopted sections of the Arkansas statutes have been carefully considered and construed by the supreme court of that state; and thus we have at hand a large number of decisions, by a court of high learning in the law, which will serve to explain and remove the doubts and uncertainties that always arise in the application of the general terms used in statutes to the varying affairs of human life. By adopting these decisions as an authoritative guide in solving the questions depending upon the local law, uniformity of construction will be secured, and the bench and bar of the territory will not be in doubt as to which one, among conflicting rules prevailing in the states, will be followed in determining any given question arising under these statutory enactments. In carrying out the spirit of the rule thus announced, it is clear that, as the Arkansas statute regulating assignments is made the law for the territory, the rules prevailing in Arkansas for determining whether a given instrument is to be deemed a deed of assignment, within the meaning of the Arkansas statute, should be applied to the determination of the like question when it arises in the territory.

Upon the trial before the jury, the court ruled that the instrument under which the intervener claimed was a deed of assignment, and, as such, was void as to creditors. This ruling is assigned as error, and hence the first question for consideration is as to the nature of this instrument. By its terms the maker thereof sells and conveys to the trustee therein named his entire stock of goods located in a certain building in Ardmore, and covenants that he is lawfully seised of said property, and will defend the same. The trustee is authorized and empowered to take immediate possession of the property, and sell the same at private sale for cash, and to apply the proceeds to the payment of the debts due the Waples-Platter Company and Tyler & Simpson, and to the payment of the expenses of sale, including a salary of $75 per month to the trustee, it being further provided that, after said debts and the expenses have been paid, the remainder of the property and proceeds shall be turned over to the maker of the instrument, and on the payment of the expenses and said indebtedness out of the proceeds of the sale of the property the conveyance is to become null and void. The rule to be

followed in determining whether a given instrument is to be deemed a mortgage or a deed of assignment is fully stated by the supreme court of Arkansas in the cases of *Richmond* v. *Mississippi Mills*, 52 Ark. 30, 11 S. W. Rep. 960; *State* v. *Dupuy*, 52 Ark. 48, 11 S. W. Rep. 964; *Robson* v. *Tomlinson*, 54 Ark. 229, 15 S. W. Rep. 456; *Penzel Co.* v. *Jett*, 54 Ark. 428, 16 S. W. Rep. 120. These cases declare the test to be, has the party made an absolute appropriation of property as a means for raising a fund to pay debts, without reserving to himself, in good faith, an equity of redemption in the property conveyed? In *Robson* v. *Tomlinson, supra*, the rule is stated as follows:

"The controlling guide, according to the previous decisions of this court, is, was it the intention of the parties, at the time the instrument was executed, to divest the debtor of the title, and to make an appropriation of the property to raise a fund to pay debts?"

In *Richmond* v. *Mississippi Mills, supra*, it is held that, while the meaning of the instrument is ordinarily to be derived from the language used therein, yet parol evidence may be admitted, showing the collateral facts surrounding the transaction, for the purpose of enabling the court to determine the actual intention of the parties in the execution of the instrument; but that if, from the entire evidence, it appears that the debtor executed a conveyance with the intention of conveying the property absolutely, and without the reservation of the right to redeem, in order that the property may be appropriated to raising a fund for the payment of debts, then the transaction constitutes an assignment. The distinction existing between mortgages and deeds of assignment is very clearly stated in the opinion of Judge CALDWELL in the case of *Bartlett* v. *Teah*, 1 Fed. Rep. 768, in which it is shown that—

"A mortgage does not invest the mortgagee with an absolute and indefeasible title; the equitable title, called the 'equity of redemption,' remains in the mortgagor. The mortgage is a security for the debt, and creates a lien upon the property in favor of the creditor. There is no difference, in legal effect, between a mortgage with a power of sale and a deed of trust, executed to secure a debt, where the power of sale is placed in a third person. Both are securities for a debt. Both create specific liens on the property, and in both the equitable title or right of redemption remains in the debtor, and is an estate or interest in the property which the debtor may sell, or that may be seized and sold under judicial process by his other creditors, subject to the lien created by the mortgage or deed of trust. * * * Whereas a deed of assignment, unlike a mortgage or deed of trust, is not given by way of security. There is no defeasance clause giving the grantor the right of redemption. It does not create a lien on the property, but conveys it absolutely for the purpose of raising a fund to pay debts."

There can be no question that, under these decisions, the instrument executed by A. M. Means was rightfully held by the trial court to be a deed of assignment. It conveyed the title of the property to the trustee, and appropriated the property to the purpose of raising a fund to pay the debts named, without reserving an equity of redemption in the maker of the instrument. The defeasance clause is not to the effect that, upon payment of the debts by the debtor, the conveyance should be void; but only that, when the debts have been paid out of the pro-

ceeds of the sale,—acts to be done by the trustee,—then the conveyance should become void. If the instrument, as we hold it is, is in fact a deed of assignment, then it is not questioned that, under the settled rule obtaining in Arkansas, it is void, in that it directed the assignee to sell at private sale, and no bond was filed as required by the statutes. *Raleigh* v. *Griffith*, 37 Ark. 150; *Lincoln* v. *Field*, 54 Ark. 471, 16 S. W. Rep. 288.

It is, however, said that the trial court erred in refusing to permit the assignor and his attorney to testify that it was the intent of the parties to the instrument to give and receive a mortgage, and that it was not the purpose of the assignor to make an assignment, and that it was understood by all the parties to the deed at the time of its execution that said Means would, within a reasonable time, pay the indebtedness therein named and release the property; and that in pursuance of this understanding said Means had acquired the money to pay the debts named in the deed, and thereby redeem the property, but was prevented from so doing by the levy of the attachment. It is urged in argument that the supreme court of Arkansas has held that parol evidence is admissible to show what the real intent of the parties was in the execution of the instrument which may be under consideration. This is undoubtedly true, but that does not open the door to the admission of everything which witnesses may be willing to swear to. It is a general rule that, as an aid to reaching the proper construction of any written contract or instrument, parol evidence showing the circumstances under which the instrument was executed and the situation of the parties may be introduced; and so, also, where doubt exists as to the true meaning of an instrument, the acts of the parties done in carrying out the contract may be shown as evidence of the construction put upon the terms of the instrument by the parties in interest.

Applying these general rules, the supreme court of Arkansas has held that parol evidence, showing the collateral facts and the acts done by the parties to an instrument like that under consideration, may be admitted to aid the court in determining the real intent of the parties; but this does not justify the admission of testimony as to the intent that may have existed in the mind of the parties, but which was not evidenced by acts done. The point of the inquiry is, what was the purpose of the party in executing a given instrument? and, as against persons not parties thereto, the intent must be held to be that which is properly derivable from the language of the instrument, applied to the subject-matter and read in the light thrown thereon by the attending circumstances and the acts done in carrying the contract into effect. Where the rights of the parties to the instrument are alone involved, and they agree upon the meaning thereof, a court would be justified in assuming their construction to be correct, without close scrutiny of the legal effect of the language used in the written instrument, but when the parties to the instrument rely thereon, as a means of defeating action taken by third parties, and limiting rights acquired in or to the subject-matter of the contract, then such third parties have the right to

insist that, as against them, the written instrument cannot be held to mean or intend anything other or different from the purpose which the language of the instrument, read in the light of its attending circumstances, shows to have been the intent of the parties in executing it.

To illustrate the thought, by reference to the case before the court, under the rule of the Arkansas decisions, it would doubtless have been open to the plaintiffs in error, had such been the fact, to prove that, notwithstanding the terms used in the instrument in question, the debtor continued in the open possession of the property, selling the same in the usual way of trade, and using the proceeds in the payment of the debts named in the instrument, and that he made purchases, from time to time, of other goods to be added to the stock described in the mortgage, and that there was in fact an agreement with the creditors and the trustee that possession would not be taken under the instrument until a fixed or reasonable time had elapsed, within which the debtor was at liberty to pay off the debts. Facts of this nature, accompanying the execution of the instrument, or in direct continuing connection therewith, would throw light upon the intent of the parties, and yet would not mislead third parties to their injury, because they would be open and known. This, however, was not the purport of the evidence offered and rejected on the trial of this cause. The admitted facts were that the instrument, which the court held on its face to be a deed of assignment, was executed on the 17th day of November, 1890, and on the same day the trustee therein named took possession of the property, and proceeded to sell the same at private sale, as directed in the deed. On the 24th of November the writ of attachment was levied in the suit of defendants in error, and the property was taken from the possession of the trustee. As already shown, there can be no doubt that, had the case been submitted at this point, the right of the attaching creditors to hold the property, as against the deed of assignment, would have been clear. To defeat the attachment, it was proposed to show, not the acts of the parties done in connection with the possession and sale of the property, but the intent existing in the minds of the parties, or the belief they entertained that the instrument was, in legal effect, a mortgage, and not a deed of assignment.

It was not error to reject evidence of this nature. Had it been admitted, it would have been the duty of the court to instruct the jury that, as against third parties, who can have no knowledge of secret purposes existing in thought only, and who have the right to regulate their action by that which the parties cause to appear in an open and usual manner, no weight could be given to evidence of this character as against that afforded by the written instrument and the acts of the parties in connection therewith, and that, therefore, it must be held that the instrument under which the intervener claimed the property was a deed of assignment, and as such was void under the provisions of the statute regulating assignments. Finding no substantial merit in the errors assigned, the judgment below is affirmed, at cost of plaintiffs in error.