RAINWATER-BOOGHER HAT CO. *v.* MALCOLM *et al.*, (WAPLES, Intervener.)

*(Circuit Court of Appeals, Eighth Circuit. August 9, 1892.)*

No. 111.

1. FEDERAL COURTS—INTERPRETATION OF STATUTES—FOLLOWING STATE COURTS.
   In determining whether an instrument executed in the Indian Territory is an assignment for the benefit of creditors or a mortgage, the circuit court of appeals will follow the decisions of the supreme court of Arkansas in the construction of the Arkansas statute governing assignments, which was put in force in the Indian Territory by 26 St. at Large, pp. 81, 94. *Sanger* v. *Flow,* 48 Fed. Rep. 152, and *Appolos* v. *Brady,* 49 Fed. Rep. 401, followed.

2. CHATTEL MORTGAGE—WHAT CONSTITUTES.
   An instrument executed in the Indian Territory conveyed a stock of goods to a trustee with right to immediate possession, but was conditioned to be void if the grantor, within 60 days, should pay the amounts due certain creditors named therein; otherwise the trustee was to sell the goods, and apply the proceeds to the payment of the grantor's debts, in the order named. *Held* that, under the law of the territory as adopted from Arkansas, the instrument was, in effect, a mortgage with a power of sale, and not an assignment for the benefit of creditors.

3. CHATTEL MORTGAGES—DEFECTIVE ACKNOWLEDGMENT—POSSESSION BY MORTGAGEE.
   Actual possession of mortgaged chattels by the mortgagee, before the rights of third persons have intervened, renders immaterial any defects in acknowledging the mortgage.

In Error to the United States Court in the Indian Territory.

Action commenced by attachment by the Rainwater-Boogher Hat Company against John Malcolm. Paul Waples intervened, claiming the attached goods under a deed of trust from Malcolm. Judgment and verdict for the intervener, and for defendant Malcolm on the issue as to the attachment. Plaintiff brings error. Affirmed.

statement by CALDWELL, Circuit Judge:

On the 19th day of January, 1891, John Malcolm made and delivered to Paul Waples, the trustee therein named, the following instrument:

"DURANT, INDIAN TERRITORY.

"Know all men, that I, John Malcolm, a merchant and doing business at Durant, Indian Territory, in consideration of one dollar to me in hand paid, have this day and by these presents do bargain, sell, and deliver to Paul Waples, of Denison, the following described personal property, to wit: [Here follows a description of the property, which consisted chiefly of a stock of goods.] The condition of this conveyance is such, however, that whereas, I am indebted to the Leeper Hardware Company $2,552.23, and to Waples, Platter & Co. two notes aggregating $745.00, not including interest or attorney's fees, and to Waterman, Star & Co. $224.95, and to Burton, Lingo & Co. $184.00, and to John R. Carr estate $142.90, and to various other parties named in Schedules A and B, hereto annexed and made a part hereof, in the sums set opposite their respective names: Now, if, at any time within sixty days from this date, I pay off and discharge all of the indebtedness described aforesaid, including interest, then this conveyance shall be null and void, and of no further force or effect, and said goods, merchandise, and property shall be restored to me. But if I fail to pay all of said indebtedness, with accrued interest, if any, within the sixty days aforesaid, then said Paul Waples, or his successor, shall have the right and it shall be his duty, at the expiration of said sixty days, after first advertising the time, terms, and place of sale for ten days previous to the day of sale in the Denison Daily Herald, to sell all of the aforesaid property then on hand in the front of said storehouse to the highest bidder at public outcry for cash. Pending said sale said Paul Waples shall take exclusive possession of all the aforesaid property in person or by his agents or employes, and the merchandise he shall have the right to sell in due course of business for cash only, it appearing to me that such sales would operate to the benefit of all concerned. The sums of money realized from the sales of aforesaid property, or any portion thereof, whether at public sale or private sale in due course of business pending the public sale, and all such as may be realized at public sale, shall be appropriated as follows: *First.* Towards the payment of the reasonable expenses of executing this trust, including reasonable compensation to such agents and servants as it may be necessary for said Paul Waples to employ, and reasonable compensation for his own services, not exceeding $75.00 per month and board; but it is distinctly understood that whatever attention I give to the property herein conveyed, or whatever assistance I may render the said Paul Waples, shall be voluntary on my part, and for which I am to receive nothing. *Second.* To the payment of the claim of said Leeper Hardware Co., Waples, Platter & Co., Lingo, Waples & Co., Waterman, Star & Co., Burton, Lingo & Co., John R. Carr estate in full, including interest. If not enough for that purpose, the same shall be prorated between them. *Third.* To the payment of the creditors named in Schedule A in full. If not enough for that purpose, the balance shall be prorated between them. *Fourth.* To the payment of creditors named in Schedule B in full; and, if not enough for that purpose, the balance shall be prorated between them. *Fifth.* The balance, if any, shall be paid to me. Witness my hand this the nineteenth day of January, 1891.

[Signed]                                        "JOHN MALCOLM."

On the day the instrument was executed, Waples, the trustee, took actual and exclusive possession of the personal property therein described, which he retained until the same was taken from him in the manner now to be stated. Two days after the execution of this instrument and

the delivery of the property to the trustee, the plaintiff in error, Rain-water-Boogher Hat Company, brought suit by attachment in the United States court in the Indian Territory against John Malcolm, the grantor in said instrument, for $295.75, and caused the marshal to levy the writ of attachment on the personal property so conveyed by Malcolm to Waples. The latter intervened in the suit, and claimed the property as trustee under said instrument. The trial court held that the instrument on its face was a deed of trust in the nature of a mortgage, and so instructed the jury.

The court, at the request of the plaintiff in error, instructed the jury—

"That where an insolvent debtor executes one or more instruments, by whatsoever name or form, with the intent that they shall operate as a security to his creditor or creditors, thus giving time to enable him to raise funds to meet his debts, then such instrument or instruments constitute a mortgage; but if the debtor executes one or more instruments, by whatsoever name or form, with the intention, expressed or implied, that the same shall operate as an absolute conveyance of the property to the grantee, to enable him to raise a fund to pay the debts of the grantor, then such instrument or instruments constitute an assignment. The test is this: If the debtor retains title to his property, and the same is delivered actually or conditionally to the grantee merely as a security for his debt pending a day to be fixed by the instrument, within which time the debtor may pay the debt and regain his property, then the instrument or instruments constitute a mortgage; but if the debtor transfers possession to the grantee with power to convert the property forthwith into cash to pay debts, then the instrument is an assignment, although the debtor may have reserved in the instrument the right to pay off the debts, and regain his property, before a final sale thereof."

The court gave other instructions, and among them the following:

"The court instructs the jury the form of an instrument, or the name given to it by the parties, is not conclusive of the character of the instrument. A deed absolute in form may be conditional and defeasable in fact, while an instrument with formed defeasance may be intended to be and may operate as an absolute conveyance; the intention of the parties as gathered from the instrument, and all the facts and circumstances surrounding its execution, determines its character. The court instructs the jury that where an insolvent debtor recognizes the fact that he can no longer go on in business, and determines to yield the dominion of his entire estate, and in execution of that purpose, or with the intent to evade the statutes, transfers all or substantially all of his property to a trustee for the benefit of his creditors, with the intent to part with the title as well as the control of such property, then such instrument or instruments by which such transfer is made will be held to operate as an assignment. The court instructs you that you are the sole judges of the evidence and its effect, and it is for you to say from all the evidence in this cause whether or not the instruments read in evidence were intended to operate as an assignment or mortgage; and in determining this you will take into consideration whether or not the grantor conveyed all or a greater portion of his property to the grantee; whether or not the debtor included all of his creditors in said instrument; whether the debts thereby secured, or a material portion thereof, had matured; whether the defeasance in the instrument was *bona fide*, or whether it was a mere device to cover his real intention, together with all the other facts and circumstances connected with the transactions; and from all these facts and circumstances you will, under the law given you by the court, determine by your verdict whether or

**not** the instrument read in evidence was intended to operate as a mortgage or as an assignment."

There was a verdict and judgment for the intervener, and a verdict and judgment for the defendant Malcolm on the issue on the attachment, and the plaintiff sued out this writ of error.

*W. T. Hutchings* and *L. P. Sandels,* (*Sandels & Hill,* on the brief,) for plaintiff in error.

*G. G. Randell,* for defendant in error Malcolm.

*A. G. Moseley,* for defendant in error Waples.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

CALDWELL, Circuit Judge, (*after stating the facts.*) The case presents but a single question: Is this instrument a deed of trust in the nature of a mortgage or a deed of assignment for the benefit of creditors? If the former, it is valid; if the latter, it is void for noncompliance with the requirements of the statute in force in the Indian Territory regulating assignments for the benefit of creditors. The statute in question is an Arkansas statute put in force in the Indian Territory by the act of congress of May 2, 1890, (26 St. pp. 81, 94, c. 182, § 31,) and the decisions of the supreme court of that state construing the statute, and determining when an instrument is a deed of assignment and when a mortgage, are followed by this court in cases coming from that territory. *Sanger v. Flow,* 4 U. S. App. 32, 1 C. C. A. 56, 48 Fed. Rep. 152; *Appolos v. Brady,* 4 U. S. App. 209, 1 C. C. A. 299, 49 Fed. Rep. 401.

Construed in the light of the decisions of the supreme court of Arkansas, this instrument on its face is a deed of trust in the nature of a mortgage,—the legal equivalent of a mortgage with a power of sale,—and not a deed of assignment for the benefit of creditors. *Richmond v. Mississippi Mills,* 52 Ark. 30, 11 S. W. Rep. 960; *State v. Dupuy,* 52 Ark. 48, 11 S. W. Rep. 964; *Robson v. Tomlinson,* 54 Ark. 229, 15 S. W. Rep. 456; *Penzel Co. v. Jett,* 54 Ark. 428, 16 S. W. Rep. 120. Reviewing these decisions, Judge SHIRAS, in delivering the opinion of this court in *Appolos v. Brady,* 4 U. S. App. 209, 1 C. C. A. 299, 49 Fed. Rep. 403, said: "These cases declare the test to be, has the party made an absolute appropriation of property as a means for raising a fund to pay debts, without reserving to himself in good faith an equity of redemption in the property conveyed?"

There is in this deed what the learned counsel for plaintiff in error not inaptly characterizes as "an apparently iron-clad defeasance." There is nothing on the face of the deed to warrant the court in declaring this defeasance clause a nullity, or from which the court can say it was not inserted in the instrument in good faith. Whether the mortgagor entertained an honest hope or expectation of redeeming the property, or whether the defeasance clause was inserted as a mere device to evade the statute on the subject of assignments for the benefit of creditors, was a question of fact for the jury. For the purpose of showing that it was a mere device to avoid the statute on the subject of assignments, the plain-

tiff in error called the maker of the instrument as a witness, and he testified that he desired and expected to pay the mortgage debt and redeem the property inside of the 60 days. That he did not do so cannot affect the validity of the deed. A sufficient explanation of his failure to do so, if any is necessary, is found in the attachments sued out by the plaintiff in error and others two days after the execution of the mortgage. Attachments against merchants commonly upset their business plans and destroy their commercial credit. But, as we have said, the question of good faith was one for the jury, and it was submitted to them under instructions certainly as favorable to the plaintiff in error as it had any right to ask. The deed is not obnoxious to the statute of frauds.

The objection that it was not duly acknowledged, if well founded in fact, has no force, because the trustee took actual possession of the mortgaged property upon the execution of the deed, and continued in possession until it was taken from him under the attachment. Actual possession of mortgaged chattels by the mortgagee, before the rights of third parties have intervened, dispenses with the necessity of acknowledging the mortgage. *Wood* v. *Weimar*, 104 U. S. 786; *Hauselt* v. *Harrison*, 105 U. S. 401, 405; *Cameron* v. *Marvin*, 26 Kan. 612; *Greeley* v. *Reading*, 74 Mo. 309. The judgment of the trial court is affirmed.