HARGARDINE-MCKITTRICK DRY GOODS CO. vs BRADLEY.

Opinion delivered January 8, 1898.

*Chattel Mortgage—Contemporaneous Agreement with Mortgagee—Assignment for Benefit of Creditors.*

A chattel mortgage and an agreement in relation to the powers of the mortgagee were executed at the same time. The mortgage was filed for record, the agreement was not. The agreement enlarged the powers of the mortgagee with reference to the control of the mortgaged property. A couple of days later, a power of attorney was executed to the mortgagee in which the mortgagee was given control of all property of the mort-

gagor. *Held*, That the instruments are void upon their face, as a deception and fraud upon creditors. Further *Held*, That they constitute when taken together an assignment for the benefit of creditors, and that they are void because providing for the assignee to take possession without filing inventory and giving bond.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

John L. Bradley brought an action in replevin against the Hargardine–McKittrick Dry Goods Co., and another. Judgment for plaintiff. Defendant appeals. Reversed.

This was an action of replevin, brought in the United States Court for the Indian Territory, at Ardmore, by the plaintiff below, John L. Bradley, against the Hargadine–McKittrick Dry-Goods Company and J. J. McAlester, United States marshal, to recover the possession of certain personal property. The plaintiff below alleged that the defendants were in possession of the property, and unlawfully detained the same from the plaintiff. The plaintiff further charged that "on or about the 14th day of December, 1893, Wm. Hull executed a mortgage or deed of trust on the property heretofore described in favor of this plaintiff, to secure the payment of four certain promissory notes, aggregating $4,-900; that said notes are yet wholly unpaid; that said instrument was duly acknowledged, and on the 18th day of December, 1893, was filed for record in the office of the United States clerk at Ardmore, Indian Territory; that thereafter, to wit, on or about the ——day of July, 1894, the defendant the Hargadine–McKittrick Dry Goods Company, caused an execution to be issued, directing the defendant J. J. McAlester to levy upon the aforesaid property; that said defendant J. J. McAlester has taken wrongful and forcible

possession of all of said property, and advertised it for sale on the 4th day of August, 1894, as the property of the said Wm. Hull, wholly disregarding the right of this plaintiff in the premises." The defendants, in their answer, specifically denied that the plaintiff was the owner of the property, or entitled to the possession of it, or any part of it, and denied that they unlawfully detained the same, or any part of it, from the plaintiff. "Further answering, the defendants say that the mortgage described in said complaint is fraudulent and void as to the creditors of said William Hull in this: That the mortgage referred to in said complaint as recorded in the office of the clerk of the United States Court was not the full and complete instrument and agreement made and entered into by and between the said William Hull and the plaintiff in this action, in this; that on, to wit, the 11th day of ——, 189—, at the time said mortgage was executed, simultaneously with the execution of said mortgage, and as a part thereof, the said William Hull executed a power of attorney, whereby he authorized and directed the said John L. Bradley to take immediate possession of a lot of sewing-machine property, which was a part of the property embraced in the mortgage, and dispose of it immediately for the purpose of raising a fund to pay the debts secured by said mortgage, and that said power of attorney and said mortgage together constituted an assignment of the property therein conveyed, but, as an assignment, the same was fraudulent and void in this: that it does not provide for nor contemplate that the said John L. Bradley shall execute the bond and file the inventory required by law, and permits and directs the said John L. Bradley, the grantee therein, to take possession of the property therein conveyed without executing the bond and filing the inventory as required by law." The case was tried before a jury, and resulted in a verdict in favor of the plaintiff for the possession of 111 head of cattle, consisting of 46 head of steers, two and three years old, and 65 head of

cows; and assessed their value at $1,332. A motion for a new trial was filed, and overruled by the court. Thereupon the court rendered judgment for the plaintiff according to the verdict, and for costs. A motion for appeal was duly made and granted, and the defendants below have prosecuted their appeal to this court.

*W. A. Ledbetter* and *S. T. Bledsoe*, for appellant.

1. The alleged mortgage was in fact an assignment for the benefit of creditors and was void for the reason that it authorized the grantee to take possession and control of the property conveyed without requiring him to execute the bond and file the inventory required by law. Apollos vs Sandiffer, 22 S. W. 1060; Apollos vs Brady, 49 Fed. 401. Box vs Goodbar, 54 Ark. 6; Penzel vs Jett, 54 Ark. 428.

2. The court erred in permitting the witness to testify as to the value of the property which he had never seen upon any information which he had received. Rogers on Expert Testimony, § § 153—155.

*Potterf & Bowman* and *J. F. Sharp*, for appellee.

No brief is on file for appellee.

SPRINGER, C. J. (after stating the facts.) There were 18 errors assigned by appellants in this case. The second assignment seems to be conclusive of this case. Hence we have stated above such facts only as relate to this assignment, and we will confine our consideration of the case to this error. The second error assigned by appellants is as follows: ''The court erred in admitting in evidence, over the objection of defendants, the mortgage executed by William Hull to John L. Bradley on December 14, 1893, because the description of the property in said mortgage is too indefinite,

and does not describe the property as being located in the Indian Territory, and because said mortgage is not the entire instrument that was executed at the time, as the testimony shows that a power of attorney was executed simultaneously with the mortgage, and the mortgage and power of attorney taken together constitute an assignment and an appropriation of the property thus conveyed to raise a fund to pay the debt therein described; and as an assignment said instruments are void, for the reason that they authorize and permit the grantee therein to take possession and control of the property therein conveyed, and dispose of the same without requiring him to execute the bond and file the inventory required by law, and do not contemplate that the grantee therein shall comply with the provisions of the assignment law in regard to executing bond and filing inventory before taking possession of the property. The mortgage to which reference is made in this assignment provides, among other things, as follows: "Whereas, the said John L. Bradley has agreed to execute four promissory notes in favor of the White Sewing-Machine Co., amounting to some $4,900, as surety for the said William Hull, he, the said William Hull, being in debt to the said company in said amount, said Hull has agreed to execute these presents to secure the said Bradley." The mortgage further provides, in substance, that, in case the said William Hull should make default in payment of said indebtedness as therein set forth, the mortgagee, John L. Bradley, or his agent or attorney, "is hereby authorized and empowered to take charge and possession of said property on demand without process of law, and sell the same, or as much thereof as shall be necessary.  *  *  * And out of the proceeds of said sale the said Bradley is to detain the sum for which he may be liable on said notes as herein set forth, and the costs of this trust and sale." At the time the mortgage was delivered, the mortgagor executed another instrument, enlarging the powers of the

mortgagee in reference to the sale of the property, which reads as follows: "Know all men by these presents, that I, William Hull, do hereby agree with John L. Bradley that said Bradley is to take possession of all the sewing machine property mentioned in the mortgage of this date, and to collect, as far as possible, the amounts due on said notes, to sell the sewing machines, wagons, harness, and horses to the best advantage as to him appears, and retaining all expenses, to pay the balance to the White Sewing Machine Co. on the notes of the said William Hull on which said Bradley is surety ; that, in cases in which it appears to him that the notes cannot be collected, the said Bradley is authorized to exercise his own discretion in regard to compromise and settlement, taking back the machines, if he thinks advisable, and he shall be held responsible for such money and property as he shall receive in settlement of said notes. Dated this 14th day of December, 1893." There was another instrument executed on the 16th day of December, the same year, which counsel for appellee contend was intended to take the place of the foregoing agreement. It was called a "power of attorney," and it is as follows: "Know all men by these presents, that I, William Hull, of Paul's Valley, Indian Territory, have appointed, and by these presents constitute and appoint, John L. Bradley, of Paul's Valley, Indian Territory, my sole, true, and lawful agent and attorney in fact, for me and in my name, place, and stead, to collect all notes and accounts due me in the sewing machine business ; to settle and compromise same as he may deem advisable ; to sell the sewing machines, wagons, and harness and horses now on hand, and used in connection with said business, to the best advantage as to him appears ; hereby granting to my said attorney, for the period of twelve months from date, full power and authority to do and perform all things in the premises requisite and necessary, to the full performance of the powers aforesaid, here--

by ratifying and confirming any and all things which my said attorney shall lawfully do in the premises, by virtue hereof. Witness my hand this —— day of December, 1893. [ Signed ] William Hull." This power of attorney was acknowledged before a notary public, December 16, 1893. There was some conflict in the testimony as to whether the agreement above set forth was to be set aside by the power of attorney, and whether the power of attorney, the agreement, and the mortgage were to be considered as one transaction. The contention of appellants is that the agreement and the mortgage were a part of the same transaction, and, taken together, they constitute an assignment, and as such are void, for the reason that they authorize and permit the grantee therein named to take possession and control of the property, or a large part of it, and dispose of the same, without requiring him to execute the bond and file the inventory required by law. The counsel for appellee contend that the grantee, Bradley, did not take possession of the property until after the execution and delivery of the power of attorney ; that the power of attorney was executed in lieu of the first agreement, for the purpose of definitely showing the intention of the parties, and fixing the powers conferred upon Bradley, and that he proceeded to take possession of the sewing machine property and notes· as agent of Hull, under this power of attorney ; that the property was not turned over to Bradley under the first agreement, and that when the power of attorney was executed the first agreement was annulled. It is conceded that both instruments were executed, the first-named at the time the mortgage was executed, and the last-named two or three days thereafter. The first-named agreement was never taken up or destroyed. The attorney for Bradley spoke of it as "the agreement that went along with the mortgage," and referred to the second power of attorney as an offer on the part of the mortgagor, Hull, "to do about the same thing that is provided for in the agreement."

It seems to us immaterial whether the mortgage and the first agreement are to be considered as one instrument, or whether the mortgage and the second agreement, or power of attorney, are to be regarded as evidencing the whole transaction between Hull and Bradley. In either event we are of the opinion that the transaction on its face is fraudulent and void. The mortgage on record, and either of the other instruments being in existence and acted upon, and not being of record, show conclusively that a deception was being practiced, and that the other creditors were to be misled as to the true situation of the property. As the attorney for Bradley admitted in his testimony, Hull's attorney "was willing to go into some sort of an arrangement that he thought would lessen the chance of attachment of Mr. Hull's property, and he thought that was the safest plan to do it." This shows conclusively that the attorneys for Bradley and Hull were devising some scheme which would prevent Hull's other creditors from collecting their debts. The mortgage, in connection with either of the other instruments, would, in effect, constitute an assignment of the property of Hull. It was evidently the intention of Hull to set aside the property mentioned in the mortgage, or a portion of it, as a fund to be used in paying the debt due Bradley or the sewing machine company, and it was not his intention to secure the debt by a lien thereon, reserving the right to discharge the debt out of other funds, and release the lien. Apollos vs Staniforth, ( Tex. Civ. App.) 22 S. W. 1060. Judge Caldwell, in the case of Apollos vs Brady, 1 C. C. A. 299, 49 Fed. 401, referring to certain Arkansas cases on the subject of what constitutes an assignment, said: "These cases declare the test to be, has the party made an absolute appropriation of the property as a means of raising a fund to pay debts without reserving to himself in good faith an equity of redemption in the prop-

*Mortgage construed as assignment.*

(44)

erty conveyed?" Counsel for appellee contend that, as only a portion of the property conveyed by the mortgage and as that property so levied on was not covered by the power of attorney or by the agreement, the validity of the mortgage as to the other property was not impaired. We do not agree with the learned counsel in this contention. I the mortgage and the agreement or power of attorney con stitute an assignment, as we hold they do, and if the assign

<span style="float:left">Assignment<br>void in part<br>void in toto.</span> ment is void in part, it is void as a whole. The principl that an assignment fraudulent in any of its provisions i void in toto is too well established to need any reference t authorities to support it. Burrill, Assignm, § 352. We d not deem it necessary to pass upon the other assignment of error in this case. Entertaining the views we do as t the invalidity of the mortgage and the power of attorney the case should be reversed, and judgment should be ren dered for the appellants by this court; and it is so ordered

CLAYTON, THOMAS, and TOWNSEND, JJ., concur.