## BRADLEY v. HARGADINE–McKITTRICK DRY–GOODS CO. et al.

(Circuit Court of Appeals, Eighth Circuit. September 25, 1899.)

### No. 1,117.

1. CHATTEL MORTGAGE—REPLEVIN BY MORTGAGEE AGAINST THIRD PERSON—DEFENSES.

In an action of replevin by a mortgagee to recover the mortgaged property from an execution creditor of the mortgagor, the defendant is entitled to show that the property was in fact owned by the mortgagor's wife, who did not know of, or assent to, the mortgage, but who has since relinquished title to the purchaser at execution sale, in the absence of evidence tending to show the wife's acquiescence in the mortgage, or other facts which would create an estoppel against her to dispute its validity, and mere delay on her part in asserting her rights is not sufficient to create such estoppel, unless it is also shown that she had knowledge of the mortgage.

2. APPEAL—JUDGMENT ON REVERSAL—DETERMINING QUESTION NOT SUBMITTED TO JURY.

On review of a judgment in favor of plaintiff in an action of replevin, who claimed under a chattel mortgage, it is error for the court, on reversal, to render judgment for defendant on the ground that plaintiff's mortgage is void for fraud in fact, where no such issue was made by the pleadings or submitted to the jury on the trial.

**3. CHATTEL MORTGAGE—VALIDITY—EFFECT OF CONTEMPORANEOUS POWER OF ATTORNEY.**

The execution contemporaneously with a chattel mortgage of an instrument by which the mortgagor authorized the mortgagee, as his attorney in fact, to collect certain notes, and dispose of certain property covered by the mortgage, but which contained no provision as to the disposition of the proceeds, does not transform the mortgage into an assignment, which would be void under the laws of the Indian Territory, because no inventory or bond was required from the assignee.

In Error to the United States Court of Appeals in the Indian Territory.

J. F. Sharp, H. C. Potterf, and W. F. Bowman, for plaintiff in error. W. A. Ledbetter and S. T. Bledsoe, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is a proceeding to review a judgment of the United States court of appeals in the Indian Territory, which court reversed the judgment of the United States court for the Southern district of the Indian Territory, where the case originated. John L. Bradley, the plaintiff in error, claiming title under a chattel mortgage, brought an action of replevin in the last-named court against the Hargadine-McKittrick Dry-Goods Company and J. J. McAlester, United States marshal, the defendants in error, to recover the possession of certain cattle, horses, and mules, and damages for their detention to the amount of $500. The defendants answered the complaint, in substance, as follows: That, under an execution in favor of the Hargadine-McKittrick Dry-Goods Company against William Hull and others, the cattle, horses, and mules in question were levied upon by J. J. McAlester, United States marshal, as the property of William Hull, the same being in his possession, and were sold as his property at an execution sale; that in point of fact said horses, cattle, and mules belonged to Hull's wife, both at the time of the levy and sale under execution and at the time Hull mortgaged them to the plaintiff, Bradley, by the chattel mortgage under which the latter claimed title; and that Hull had executed said mortgage without the knowledge or sanction of his wife. The defendants further averred that, having ascertained after the execution sale that the live stock so sold belonged to Mrs. Hull, they had entered into an agreement with her whereby, for a valuable consideration, she had ratified and confirmed the execution sale, and had agreed that the property in controversy might be retained by Sam Garvin, the purchaser at said sale. The defendants also pleaded, in substance, by way of defense, that even if the live stock belonged to Hull at the time he executed the mortgage thereon in favor of Bradley, yet that the mortgage was inoperative and void as to Hull's creditors, for the reason that in connection therewith, and as a part of the same transaction, he had executed a power of attorney authorizing Bradley to take immediate possession of a lot of notes belonging to Hull, and to dispose of them for the purpose of raising a fund to pay the debt secured by the mortgage, and that the mortgage and power of attorney together constituted an assignment, and that, as an assignment,

the instruments so executed were void under the laws of the Indian Territory, because they did not contemplate or provide that the assignee thereby appointed should make an inventory of the assigned property, or execute a bond, but did contemplate that the assignee should obtain possession of said property and administer it without bond. The defendants further pleaded that the mortgage under which Bradley claimed was without consideration, because it was executed to indemnify him against liability as an indorser for Hull on certain notes, which indorsements, as it was alleged, had been placed thereon after the notes had been executed and delivered, and without any agreement for the extension of the time of payment, or other consideration which would support the several indorsements. The record discloses that in the trial court the defendants were denied the right to establish one of the defenses set forth in their answer, namely, that the plaintiff, Bradley, had acquired no title to the property in controversy by virtue of the chattel mortgage under which he claimed, because at the time such mortgage was executed the property thereby conveyed belonged to the mortgagor's wife, Sippie Hull, who had neither joined in the mortgage nor assented thereto. The proof which was tendered by the defendants in support of this defense was excluded, upon the theory, apparently, that the mortgagor's wife was too late in setting up her ownership of the property, and was therefore estopped from claiming it. To such action the defendants reserved an exception. The record, however, is barren of any evidence which has a tendency to show that the wife was aware of the fact that her husband had mortgaged the property in controversy as his own, and had actually assented thereto, or that she had remained passive for such a long period of time after acquiring knowledge of the mortgage that assent or acquiescence on her part ought to be presumed. We are unable to find in the record any proof of facts or circumstances which would warrant a court in holding that the wife was precluded from asserting her title as against Bradley, her husband's mortgagee; and, if she was not estopped, we perceive no reason why the defendants below should not have been permitted to show title in her, which, for a valuable consideration, she had relinquished to Garvin, the purchaser at the execution sale. The exclusion of this evidence was, in our opinion, an error which necessitated a reversal of the judgment that was rendered at nisi prius.

The court of appeals for the territory reversed the judgment of the trial court, and rendered a judgment of its own in favor of the opposite party,—that is to say, in favor of the defendants below,—and, in view of such action, the general question which arises with respect thereto is whether it was justified in rendering a final judgment for the defendants, or whether it should have contented itself with ordering a new trial. The appellate court based its decision (vide Dry-Goods Co. v. Bradley [Ind. T.] 43 S. W. 947), as we understand, on two grounds: First, that the mortgage in favor of Bradley, and under which he claimed, was fraudulent in fact,—that is to say, conceived with an intent to hinder, delay, and defraud the creditors of Hull; and, second, on the ground that another instrument,

which was executed contemporaneously with the mortgage by the
mortgagor, transformed it into an assignment, which was void under
the laws of the Indian Territory, within the rule declared by this
court in Appolos v. Brady, 4 U. S. App. 209, 1 C. C. A. 299, and 49
Fed. 401.    That court concluded that the mortgage and contempo-
raneous agreement evidenced an intent on the part of the mortgagor
to set aside the property therein described and conveyed as a fund
to pay a debt for which Bradley had become a surety, and that it
was not the mortgagor's intent to secure that debt simply by a lien
on the property conveyed, or to reserve the right to discharge the
debt out of other funds, and thus release the lien.    On this ground
the court held, as a matter of law, that the mortgage was in effect
an assignment and invalid, no inventory or bond having been exe-
cuted or filed.    Concerning the first of these grounds on which the
judgment was based, we remark that the plea that the mortgage in
favor of Bradley was fraudulent in fact was not interposed by the
defendants, and the case was thus made to turn on an issue which
was not fairly raised by the pleadings.    We think that the plaintiff
below was entitled to have the issue of fraud tried by a jury under
pleadings which fairly presented that issue, and that he is entitled
to complain of the manner in which it was raised for the first time
in the appellate court.    The evidence from which that court drew
the inference of fraud in fact was adduced during the trial inci-
dentally, when the defendants were endeavoring to show that the
so-termed mortgage was an assignment, and it was introduced in
support of that defense only.    It may be that from the testimony in
question a jury would be at liberty to infer fraud, but such an infer-
ence, we think, should be drawn by a jury under pleadings so framed
as to tender that issue.

Concerning the second ground on which the decision of the appel-
late court was rested, it may be said that in connection with the chat-
tel mortgage, which was in the ordinary form and covered certain
sewing-machine notes, sewing machines, sewing-machine wagons and
harness, and horses used in the sewing-machine business, as well
as the cattle, horses, and mules here in controversy, two instruments
appear to have been executed, which are quoted below in the margin.[1]

[1] "Know all men by these presents that I, William Hull, do hereby agree
with John L. Bradley that said Bradley is to take possession of all the sewing-
machine property mentioned in mortgage of this date, and to collect, as far
as possible, the amounts due on said notes, to sell the sewing machines, wagons,
harness, and horses to the best advantage as to him appears, and, retaining all
expenses, to pay the balance to the White Sewing-Machine Company on the
notes of the said William Hull on which said Bradley is surety; that, in cases
in which it appears to him that the notes cannot be collected, the said Bradley
is authorized to exercise his own discretion in regard to compromise and set-
tlement, taking back the machine if he thinks advisable, and he shall be held
responsible for such money and property as he shall receive in settlement of
said notes.

"Dated this 14th day of December, 1893.                    W. M. Hull."

"Know all men by these presents that I, W. M. Hull, of Pauls Valley, Indian
Territory, have appointed, and by these presents do constitute and appoint,
John L. Bradley, of Pauls Valley, Indian Territory, my sole, true, and lawful

As we construe the testimony which was adduced at the trial, a controversy arose between the respective parties concerning which one of the two instruments quoted below was executed and finally became effective. On the part of the plaintiff it seems to have been claimed that the instrument bearing date December 14, 1893, was first executed; that within a day or two thereafter it was suggested by some one that the execution of said instrument would impair the validity of the mortgage, whereupon the second instrument, acknowledged on December 16, 1893, was executed to take its place, and became effective. On the other hand, the defendants below contended that the first power of attorney was never supplanted by the one bearing a later date. The evidence on this head raised an issue of fact which was properly determinable by the jury, but it seems to have been ignored or overlooked.

If the second of these instruments was executed in lieu of the first, as the plaintiff's evidence tended to show, then we are of opinion that it did not work a change in the apparent character of the mortgage or transform it into an assignment. The instrument in question was simply a power of attorney which authorized the mortgagee to collect certain notes and to sell certain chattels for and in behalf of the mortgagor and as his agent. The mortgagor had the right to call upon his agent for the proceeds of such collections and sales as the agent might make, and he still retained his equity of redemption in all of the property covered by the mortgage, together with the right to pay the mortgage indebtedness and discharge the lien. In other words, by the transaction in question there was no such absolute appropriation of certain property to raise a fund to pay a debt as constituted it an assignment within the rule which prevails in the Indian Territory, and in the state of Arkansas, from whence much of the local territorial law was borrowed. It is probably true, however, that the first agreement of December 14, 1893, if it remained operative and was the one under which the parties acted and intended to act, did make such an appropriation of property as would have the effect last stated, as the court of appeals seems to have held. Bartlett, Reid & Co. v. Teah (C. C.) 1 Fed. 768; Appolos v. Brady, supra, and cases there cited.

We therefore conclude that the territorial court erred in rendering a final judgment in favor of the defendants. The judgment at nisi

agent and attorney in fact for me, and in my name, place, and stead, to collect all notes and accounts due me in the sewing-machine business, to settle and compromise same as he may deem advisable, to sell the sewing machines, wagons, harness, and horses now on hand, and used in connection with said business, to the best advantage as to him appears; hereby granting to my said attorney for the period of twelve months from date full power and authority to do and perform all things in the premises requisite and necessary to the full performance of the powers aforesaid, hereby ratifying and confirming any and all things which my said attorney shall lawfully do in the premises by virtue hereof.

"Witness my hand this —— day of December, 1893.

　　　　　　　　　　　　　　　　　　　　　　　　　"W. M. Hull."

"Executed and delivered in the presence of L. T. Jones.
"Acknowledged before J. A. McLemore, N. P., December 16, 1893."

prius should have been reversed for the error heretofore indicated, and the case should have been remanded for a new trial, with leave to the defendants to amend their answer by pleading fraud in fact if they were so minded; and on such second hearing the trial court should have been directed to submit to the determination of the jury, under proper instructions, the question as to which of the two instruments that were executed in connection with the chattel mortgage became operative, as the determination of that question, in effect, determines whether the mortgage is valid or invalid. It is accordingly ordered that so much of the judgment of the United States court of appeals in the Indian Territory as adjudged "that the appellee, John L. Bradley, take nothing by his action, and that the appellant here and the defendant below go hence without day," be, and the same is hereby, reversed and annulled, and that in lieu thereof the order be that the case be remanded to the United States court for the Southern district of the Indian Territory for a new trial, the same to be conducted in accordance with the views herein expressed.