Joseph Van Cloostere

*v.*

Thomas M. Logan *et al.*

*Filed at Mt. Vernon April 2, 1894.*

1. **Statute of Frauds**—*estoppel of party to plead in defense.* Where the owners of land have said or done nothing to induce the purchaser to deal with another person as the owner thereof, such owners will not be estopped from pleading the Statute of Frauds in bar of a bill for the specific performance of a contract of sale made by such unauthorized person.

2. If it be conceded that heirs holding their mother out as their agent to sell their lands, generally, will suffice to estop them from interposing the statute as against persons misled thereby to their prejudice, the heirs will not be estopped when the mother does not profess to act as their agent. When the contract is not made for or on their behalf, or as their agent, the purchaser from the mother can not be misled by any supposed agency not pretended to be used.

3. Notice, actual or constructive, of a contract, which is void under the Statute of Frauds, will not prevent the person having such notice from becoming a purchaser of the property from the original owner. Where the owner may lawfully refuse to perform the contract, he may lawfully sell and convey to another, and by so doing repudiate the same, and a purchaser from him will not be affected by the prior sale rendered void by the Statute of Frauds.

Appeal from the Circuit Court of Jackson county; the Hon. A. K. Vickers, Judge, presiding.

Mr. R. J. McElvaine, Mr. C. H. Sundmacher, and Mr. J. M. Herbert, for the appellant:

The recording of a contract respecting the sale of land is notice of the rights of the parties. *Doyle* v. *Teas,* 4 Scam. 202; *Powell* v. *Jeffries,* id. 387.

When a person, by means of his promise, or otherwise by his general conduct, prevents the execution of a deed or will in favor of a third party, the person so acting will be deemed a trustee for the injured party to the extent of the interest of which he has been defrauded. *Larmon* v. *Knight,* 140 Ill. 232;

Hill on Trustees, (4th Am. ed.) 234; Story's Eq. Jur. sec. 395; Wade on Law of Notice, secs. 54, 55.

Equity will relieve against a fraudulent purchaser by converting him into a trustee for the person injured. Bigelow on Frauds, chap. 2, sec. 5; Perry on Trusts, secs. 231-246 a.

Logan and Clarke could not plead the Statute of Frauds. Browne on Statute of Frauds, sec. 135; *Mitchell* v. *King,* 77 Ill. 462; *Dock Co.* v. *Kinzie,* 49 id. 289.

Estoppel to plead the statute: *Anderson* v. *Armstead,* 69 Ill. 454; *Ellsworth* v. *Ellsworth,* 140 id. 509; Bigelow on Estoppel, (2d ed.) 434.

The Statute of Frauds will not apply to defeat the application of the rule of estoppel. *Hill* v. *Blackwelder,* 113 Ill. 291.

Logan and Clarke can not interpose this statute for the parties interested. *Kelly* v. *Kendall,* 118 Ill. 652.

If it be not pleaded, a verbal contract will be enforced. *Gordon* v. *Reynolds,* 114 Ill. 120.

Mr. GEORGE W. HILL, and Mr. JAMES H. MARTIN, for the appellees:

The complainant has not, and never had, an equitable title to the land. The memorandum which he relies on as giving him an interest was not signed by the owner of the fee. *Wood.* v. *Davis,* 82 Ill. 311.

When the party signing the memorandum is unable to convey the title, then no equitable title is given. 3 Pomeroy's Eq. Jur. sec. 1405, note 1; note 1, par. 450; *Woolensak* v. *Briggs,* 119 Ill. 453; *Bowman* v. *Cunningham,* 78 id. 48.

To sign a memorandum, agent must have authority in writing. Rev. Stat. chap. 59, sec. 2; *Bissell* v. *Terry,* 69 Ill. 184.

As to trustees *ex maleficio,* see Pomeroy's Eq. Jur. secs. 1053, 1054; Perry on Trusts, sec. 181; Browne on Statute of Frauds, secs. 94, 95; *Walter* v. *Klock,* 55 Ill. 362; *Perry* v. *McHenry,* 13 id. 227; *Mitchell* v. *King,* 77 id. 462; *Lantry* v. *Lantry,* 51 id. 458.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

By his original bill appellant sought to set aside the deed from Mary S. Logan, John A. Logan, Jr., and wife, Mary Logan Tucker and husband, to appellees, Thomas M. Logan and J. C. Clarke, to the land in question, and to compel specific performance of the contract of Mary S. Logan to sell and convey the land to appellant. Treating the contract, or option to purchase, as the contract of John A. Logan, Jr., and Mary Logan Tucker, the owners of the fee, although on its face it was the personal contract of Mary S. Logan, the Statute of Frauds having been interposed by the defendants, owners of the fee, appellant abandoned that ground of relief, dismissed his bill as to them, and by an amended bill, and successive amendments thereto, sought to charge Thomas M. Logan and Clarke as trustees *ex maleficio*, for his benefit, and to compel them to convey the land to him. By a subsequent amendment of the bill, the Logan heirs, John A. Logan, Jr., and Mary Logan Tucker, were restored as defendants, and again interposed the Statute of Frauds, etc. The amended bill, upon which the hearing was had, neither in its frame nor prayer, sought specific performance of the contract of sale executed by Mrs. Logan to appellant, or any relief against the heirs of John A. Logan. A tender of the purchase price paid by Thomas M. Logan and Clarke to said heirs was made by the bill, and the prayer is that said Logan and Clarke be declared to hold said premises in trust for appellant, that he be found to be the equitable owner thereof, and they be required to convey the legal title to him.

That the contract held by appellant fell directly within the Statute of Frauds, and was therefore incapable of enforcement when the statute was interposed as a defense, is not questioned, unless, as contended, the owners were estopped to set up the statute. No extended discussion will be necessary. It will suffice that in this record there are no acts of John A.

Logan, Jr., or of Mary Logan Tucker, shown, that would render it inequitable for them to interpose the Statute of Frauds to any attempted enforcement of the contract under which appellant claims. It is not shown or pretended that they did anything to induce appellant to deal with Mrs. Logan as the owner of the property, or to authorize him to contract with her for its purchase, individually. It is shown they had, in respect of other lands, ratified sales made by their mother, and executed conveyances accordingly. But if it should be conceded that holding her out as their agent to sell their lands generally, by parol, would suffice to estop them from interposing the statute as against persons misled thereby to their prejudice, there was here no attempt to contract with Mrs. Logan as their agent. The contract executed was not made for or on their behalf, or as their agent, and appellant could not have been misled by any supposed agency which Mrs. Logan did not pretend to exercise.

It is unquestionably true that when Logan and Clarke purchased and took their title to the land in controversy, Logan knew of the contract of Mrs. Logan with appellant, while Clarke was charged with constructive notice thereof by its record. In *Pickerell* v. *Morss et al.* 97 Ill. 220, the effect of notice of a contract void under the Statute of Frauds came under consideration. It was there held, that as the owner might lawfully refuse to perform the contract, he might lawfully sell and convey to another, and that by so doing, and placing it out of his power to comply with the contract, he as effectually repudiated it as it was possible for him to do in advance of the bringing of a suit for specific performance, and that the purchaser from him was not affected by the prior sale rendered void by the Statute of Frauds. True, no one but John A. Logan, Jr., and Mary Logan Tucker could interpose the statute; but they had, to all intents and purposes, availed of the benefits of the statute by their conveyance to Logan and Clarke. The statute here having been set up as

a defense, appellant had no claim, either legal or equitable, which he could assert, and any person might lawfully contract with the Logan heirs for the purchase of the property, notwithstanding notice of the prior void contract, without being charged with having purchased in fraud of any legal or equitable right of appellant,—that is to say, appellant had no right or interest in the property under that contract, either legal or equitable. And this is a complete answer to appellant's contention, whether the bill be treated as one for specific performance or as a bill to declare a trust in appellant's favor in the land.

We have carefully examined the case made by the proofs relied upon to charge appellees, Thomas Logan and Clarke, as trustees *ex maleficio*. But holding, as we do, that appellant could have no standing in a court of equity under his void contract, we do not deem it necessary to enter upon a discussion of the facts bearing upon that phase of the case. It will suffice for us to say, that there are no such acts or conduct shown as would charge appellees as trustees for the benefit of appellant.

The decree of the court below was right, and must be affirmed.

*Decree affirmed.*