## BLAYLOCK VS INCORPORATED TOWN OF MUSKOGEE.

### Opinion delivered October 5, 1901.

1.  *Arkansas Statute—Construction by Arkansas Supreme Court—Adopted
in Indian Territory.*
    In adopting the Arkansas statutes for the Indian Territory, they
    were adopted with the construction and interpretation placed up-
    on them by the Supreme Court of that state, prior to their adop-
    tion by Congress.

2.  *Municipal Corporations—Sidewalks—Liability of Cities for Want of
Repair.*
    Cities and towns in Indian Territory are incorporated under the
    provisions of the Arkansas Statutes.  Section 737 Mansf. Dig.
    places the control of the streets and alleys with the city council
    and requires that same be kept open and in repair.   But decisions
    of the Supreme Court of Arkansas held to have construed the statute
    of Arkansas to the effect that cities are not liable to private action

by an injured party for damages from failure to discharge that duty.

Appeal from the United States Court for the Northern District.

JOHN R. THOMAS, Judge.

Action by R. J. Blaylock against the incorporated town of Muskogee. Judgment in favor of defendant on sustaining a demurrer to plaintiff's complaint. Plaintiff appeals. Affirmed.

The plaintiff below (appellant here) alleged that the defendant below (appellee here) was a municipal corporation incorporated under the laws of the United States; that on the 7th day of April, 1899, the defendant maintained a public thoroughfare and highway known as "Lake Street;" that upon a portion of the west side of said street was a sidewalk consisting of two boards lying side by side, parallel with the west line of said street; that defendant had permitted this sidewalk to get out of repair, and, contrary to its duty in the premises, failed to repair said sidewalk, and, in violation of its duty in the premises, suffered the same to remain in a dangerous and unsafe condition; "that the power to perform the duty of maintaining its streets in a reasonably safe condition, by authority to levy taxes and impose local assessments for the purpose, is by law conferred upon the defendant;" that on the date aforesaid, about dusk, plaintiff was walking along a footpath beside said sidewalk, and parallel thereto, when a plank caught his foot and threw him violently to the ground, the plaintiff being much injured, and was damaged in the sum of $5,200, and demands judgment for that amount. The defendant on May 7, 1899, filed its demurrer to said complaint as follows: "That the said complaint does not state facts sufficient to constitute a cause of action against this defendant." Afterwards, on October 31, 1900, the following judgment was entered:

"This cause coming on to be heard on this day upon the demurrer
of the defendant to the complaint of the plaintiff herein, and the
court being fully advised in the premises, the said demurrer is in
all things sustained, to which the plaintiff excepts.   Whereupon,
the plaintiff declining to plead further, this suit is by the court
dismissed, and it is ordered and adjudged and decreed by the
court that the defendant have judgment against the plaintiff for
its costs herein expended, to which the plaintiff excepts, and
prays an appeal to the United States court of appeals for the In-
dian Territory, and the said appeal is granted, in accordance with
the prayer of the plaintiff."

*Thos. H. Owen, Fears & Crump,* and *Hutchings & West,*
for appellant.

*Nathan A. Gibson,* for appellee.

TOWNSEND, C. J.   The appellant admits that the de-
fendant was incorporated under the statutes of Arkansas (chapt-
er 29, Mansf. Dig.; chapter 15, Ind. T. St. 1889), and quotes
section 737 (section 507) of said chapter as defining the duty of
defendant to keep its streets in repair.   Said section is as follows:
"Sec. 737 (507).   The city council shall have the care, supervisi-
on and control of all the public highways, bridges, streets, alleys,
public squares and commons within the city; and shall cause the
same to be kept open and in repair, and free from nuisance."   It
does not appear from the transcript or briefs of either appellant or
appellee at what date the defendant became an incorporated town
but there is no contention by the appellant that the defendant did
not derive all its powers from the statutes of Arkansas.   That
the construction and interpretation of those statutes by the
Supreme Court of Arkansas is binding upon this court is no longer
an open question.   See decision of Circuit Court of appeals in
Sanger vs Flow, 1 C. C. A. 59, 48 Fed. 154, as follows:   "In

adopting the Arkansas statutes for the Indian country, it will be presumed that they were adopted with the construction and interpretation placed upon them by the Supreme Court of that state prior to their adoption by congress." The appellant seeks to escape the force of the foregoing decision by quoting the following from the decision of the Supreme Court of Arkansas in City of Arkadelphia vs Windham, 49 Ark. 140, 4 S. W. 450, 4 Am. St. Rep. 32: "It is the duty of incorporated towns and cities of this state to keep their streets in repair, but no statute, expressly or by implication, makes them liable to a private action by an injured party for damages sustained by reason of a failure to discharge the duty,"—and insists that while the Supreme Court in the above case, and also in City of Ft. Smith vs York, 52 Ark. 84, 12 S. W. 157, which were cases directly in point with the case at bar, declared that it was the duty of towns and cities to keep their streets in repair, yet, because no statute expressly or by implication made them liable to a private action for damages for such failure, therefore those cases "were no construction of an Arkansas statute, and are not binding authority in the courts of the Indian Territory." We cannot agree with this conclusion of appellant. The court says expressly that under the statutes in force in Arkansas authorizing the creation, defining the powers, and fixing the liabilities of incorporated towns in that state, "no statute, expressly or by implication, makes them liable to a private action by an injured party for damages sustained by reason of a failure to discharge the duty." A construction and interpretation of the existing statutes in relation to the liabilities of incorporated towns could not have been more clearly or expressly stated, and, before such towns can be made liable, there must be additional legislation going to that extent. These statutes have been adopted and put in force in the Indian Territory, with the construction and interpretation of the Supreme Court of Arkansas, and we are bound by the decisions of that court. We are therefore of opinion that to attempt to discuss or re-examine the

arguments made and the reason given by the court in arriving at its conclusions in City of Arkadelphia vs Windham would be superfluous and of no avail. The courts of the country are much divided in opinion, and, as an original proposition, we might have arrived at a different conclusion from the Arkansas court; but the question being settled, as we think, the judgment of the court below is affirmed.

GILL, CLAYTON, and RAYMOND, JJ., concur.