## BOYT VS MITCHELL.

### Opinion delivered October 5, 1901.

1. *Arkansas Statues—Construction of—Adopted in Indian Territory.*

   Following the decision in Blaylock vs Town of Muskogee decided at this term, the rule is again laid down that it is incumbent upon this court in construing statutes of Arkansas extended over the Indian Territory, to adopt the construction placed thereon by the Supreme Court of Arkansas prior to the adoption of the statute.

2. *Jurisdiction of Courts in Indian Territory—Amount in Controversy.*

   Act of Congress March 1, 1895, (28 Stat. chap. 145, sec. 4) and Sec. 4026 Mansf. Dig. do not conflict, but both mean that the exclusive jurisdiction of U. S. Commissioner's in Indian Territory in matters of contract is limited to cases wherein the "amount in controversy" is $100.00 or less; and this is determined not by the verdict but the amount demanded by plaintiff, where it is not plainly fictitiously large solely to confer jurisdiction.

3. *Objectionable Evidence—Not Considered Unless Shown in Record.*

   A verdict of a jury will not be disturbed, upon appeal, on the ground of the admission of objectionable evidence where the Bill of Excep-

tions does not show that the witnesses testified, as complained of, nor that the evidence was objected or excepted to at the trial. .

Appeal from the United States Court for the Central District.

W. H. H. CLAYTON, Judge.

Action by W. C. Mitchell against E. M. Boyt. · Judgment in favor of the plaintiff. Defendant appeals. Affirmed.

On October 10, 1899, plaintiff below, W. C. Mitchell, brought suit against the defendant below, E. M. Boyt alleging that defendant was indebted to him in the sum of $150 for rent of plaintiff's farm during the year 1899, said farm being situated in the Central district; that said sum is the value of one-third of the corn and one-fourth of the cotton raised by defendant on said farm during the year 1899, which portion of said crop was by contract agreed to be paid to plaintiff as rent, and that defendant has produced on said farm during said year a crop of corn and cotton, a part of which is now on the farm, and that plaintiff has a lien on said crop for his rent; that defendant has disposed of a portion of the crop so raised by him without the consent of his landlord, and plaintiff prays for a writ of attachment. Writ was issued, and the crops mentioned in the complaint taken possession of by the marshal, but were returned to defendant upon the filing of a cross bond by him. Defendant answered, denying each and every allegation of the complaint, and alleged that in December, 1899 (1898?) he rented said premises from one L. Moore, who had formerly rented same from J. J. Hallmark, for the year 1899, and that said Moore afterwards sold an interest in the rental of said place to one Joe Parks. Defendant sets up fraud on the part of plaintiff in inducing him to make a rental contract with plaintiff, and that he paid the rent to his original landlord, Joe Parks. On

June 12, 1900, the case was tried before a jury, who returned a verdict for the plaintiff for $46 rent, and in favor of defendant as to the attachment. Defendant filed a motion for new trial, same was overruled, and defendant appealed to this court.

*Winningham & Redwine,* for appellant.

*J. S. Arnote,* for appellee.

TOWNSEND, C. J.   It appears from the bill of exceptions that at the conclusion of the evidence the defendant moved the court to instruct the jury as follows: "That as there was no evidence tending to show that the value of the demand in this case, being the value of the rent claimed by plaintiff, was not more than $100, to instruct the jury that this court has no jurisdiction of the subject-matter, and that they would therefore find for the defendant." Which motion the court overruled, and defendant excepted. The defendant then moved the court to give the jury the following instruction:    "The court instructs the jury that, under the evidence in this cause, the value of the demand in this case proven by the evidence is less than one hundred dollars, and this court has no jurisdiction; and you will find for the defendant." Which motion the court overruled, and defendant excepted. This action on the part of the court below is alleged as erroneous in appellant's first and second assignments of error.    The third assignment of error relates to the overruling of defendant's motion for new trial. We will consider the first and second assignments of error together. What is the criterion which shall determine the jurisdiction of the court? Is it the amount alleged in the complaint, or is it the amount of the verdict or judgment? The provision in the act of 1895 conferring jurisdiction upon the United States commissioners in the Indian Territory is as follows: "The original jurisdiction of such commissioners as justices of the peace in civil cases shall    *    *

(5)

be exclusive where the amount or value of the demand or of the property or thing in controversy does not exceed one hundred dollars." 28 Stat. c. 145, § 4. The statute of Arkansas adopted and put in force in the Indian Territory confers upon a justice of the peace original jurisdiction "exclusive of the Circuit Court in all matters of contract, where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest." Section 4026, Mansf. Dig. (section 2706, Ind. T. St. 1899). The only difference in the provisions of the two statutes is that the former provides that the commissioner's jurisdiction shall be exclusive in civil cases "where the amount or value of the demand or of the property or thing in controversy" does not exceed $100, while the Arkansas statute uses the words "amount in controversy" and limits the jurisdiction to matters of contract. We think it is a fair construction of the two statutes to say that "in all matters of contract" they mean one and the same thing, and under the rule enunciated by the Circuit Court of Appeals in Sanger vs Flow, 1 C. C. A. 56, 48 Fed. 154, and followed by this court (Blaylock vs Town of Muskogee, 4 Ind. Ter. Rep. 43, (64 S. W. 609), it is incumbent upon this court to adopt the construction placed upon said section 4026 by the Supreme Court of Arkansas. That court in the case of Heilman vs Martin, 2 Ark. 170, had under consideration the fifteenth section, art. 6, of the constitution of Arkansas, which provides that justices of the peace "shall have * * exclusive original jurisdiction in all matters of contract * * when the sum in controversy is one hundred dollars and under." It will be observed that the Arkansas statute quoted is almost word for word in the language of the constitution, by authority of which the statute was passed, and for that reason we think the case comes within the rule declared in Sanger vs Flow. The court say: "Does the verdict furnish the true rule by which the sum in controversy is to be ascertained in a court of original jurisdiction? In our opinion, it does not. It may determine the controversy, or ascertain the respective rights of the parties in the

subject-matter of the controversy; but it cannot, in the nature of
things, indicate or decide what sum was originally in controversy
between them, unless that matter be directly put in issue by a
plea to the jurisdiction, setting forth in legal form and in a proper
manner such facts as are sufficient in law to exclude the court
from exercising jurisdiction of the subject-matter of the con-
troversy, which can only be necessary in cases where the facts as
set forth by the plaintiff present a case within the jurisdiction of
the court, although the true and real subject-matter of the con-
troversy is not within its jurisdiction; and in this class of cases, if
no sufficient plea to the jurisdiction is interposed, we have no
doubt that the Circuit Court has a legal right   to the adjudication,
and is bound by law to exercise jurisdiction over the subject, and
pronounce final judgment between the parties, notwithstanding
the verdict may be for a less sum than one hundred dollars, or in
favor of the defendant." Heilman vs Martin, 2 Ark. 170,    See,
also, Wells, Jur. § 100, and cases cited.   We do not think the Ar-
kansas cases cited by appellant sustain his contention.   The
cases cited were all cases where the plaintiff had consolidated
several demands in one action, each of  which was under $100, but
the aggregate amount being over $100; and the Supreme Court
held that the amount claimed in each demand settled the ques-
tion of jurisdiction, and remitted the plaintiff to the justice court.
Both appellant and appellee cite numerous federal authorities to
sustain their respective contentions, and, while there is seeming
conflict of authority in the Federal Courts as to the meaning of
the words "amount in controversy" or "amount in dispute," we
believe the majority of them can be reconciled on this proposition:
That, where there has been no fraud practiced upon the court in
the allegation of the plaintiff's claim in order to give the court
jurisdiction, the "amount in dispute" or "in controversy" will be
deemed to be that claimed by the plaintiff in his declaration.   In
the case of Barry vs Edmunds, 116 U. S. 560, 6 Sup. Ct. 501, 29
L. Ed. 729, the Supreme Court of the United States uses the fol-

lowing language: "The amount of damages laid in the declaration, however, in cases where the law gives no rule, is not conclusive upon the question of jurisdiction; but if, upon the case stated, there could legally be a recovery for the amount necessary to the jurisdiction, and that amount is claimed, it would be necessary, in order to defeat the jurisdiction, since the passage of the act of March 3, 1875, for the court to find, as matter of fact, upon evidence legally sufficient, 'that the amount of damages stated in the declaration was colorable, and had been laid beyond the amount of a reasonable expectation of recovery for the purpose of creating a case,' within the jurisdiction of the court. Then it would appear to the satisfaction of the court that the suit 'did not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court.'" In a late case in the Supreme Court of the United States that court uses still stronger language: "It matters not that, by the showing in the petition, part of this sum was not yet due. Plaintiff insisted that it had a right to recover all. That was its claim and the claim which was disputed by the defendant. Suppose there were no statute in Nebraska like that referred to, and the plaintiff filed a petition exactly like the one before us, excepting that no attachment was asked for, and the right to recover anything was challenged by demurrer; would not the matter in dispute be the amount claimed in the petition? Although there might be a perfect defense to the suit for at least the amount not yet due, yet the fact of a defense, and a good defense, too, would not affect the question as to what was the amount in dispute. * * * In short, the fact of a valid defense to a cause of action, although apparent on the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; for who can say in advance that that defense will be presented by the defendant, or, if presented, sustained by the court? We do not mean that a claim evidently fictitious, and alleged simply to create a jurisdictional amount, is sufficient to give jurisdiction." Schunk

vs Moline, Milburn & Stoddard Co., 147 U. S. 504, 13 Sup. Ct. 416, 37 L. Ed. 255. It is not contended by defendant that the plaintiff alleged a fictitious amount to be due him in order to give the court jurisdiction; neither did he file a plea to the jurisdiction of the court on the ground that the amount claimed by plaintiff was colorable. It clearly appears from the evidence introduced by plaintiff, uncontradicted by defendant, that the crop attached was a growing crop still in the field and ungathered, except a portion that had been gathered and removed by the defendant, and for that reason the plaintiff was compelled to estimate the value of his rents. The evidence further shows that plaintiff was advised by his attorneys that the suit could not be brought in the commissioner's court, and, while we think this testimony was inadmissible, it was not objected to by the defendant, and shows the good faith of the plaintiff in bringing his suit in the District Court. We do not think appellant's first and second assignments of error are well taken.

The third assignment of error relates to the overruling of defendant's motion for new trial. This motion contains seven grounds, the last two of which relate to the questions raised in appellant's first and second assignments of error. Defendant moved the court to grant him a new trial because the verdict was contrary to the law, contrary to the evidence, and contrary to the law and the evidence, and because the court erred to the prejudice of defendant in admitting over his objection the evidence of W. C. Mitchell, Jr., and J. C. Parks to prove the amount of rent upon the place cultivated by defendant, after plaintiff had made a witness of defendant and could have learned the exact amount raised by him, and because the court erred to the prejudice of defendant in admitting over his objection the evidence of J. C. Parks as to the market price of corn. The bill of exceptions brought to this court does not show that J. C. Parks, W. C. Mitchell, or the defendant testified in the case, or that defendant objected or excepted to any of the evidence. The plaintiff's

evidence showed the value of the rents to be $72, while the defendant's evidence showed the rents to be $39.10. The jury returned a verdict for $46, and found the attachment issue in favor of defendant, and we will not disturb the verdict of the jury; neither do we think the verdict was contrary to the law and the evidence of the case. The judgment of the court below is affirmed.

GILL and RAYMOND, JJ., concur.