BRADLEY REAL ESTATE CO. VS ROBBINS ET AL.

Opinion rendered June 14, 1907.

(103 S. W. Rep. 777).

1. *Statute of Frauds—Memorandum of Contract—Insufficient.*

A memorandum of a contract of a sale of land is not sufficient to satisfy the statute of frauds unless the consideration be named in the memorandum.

2. *Establishment of Proof.*

Where defendant denied that there was any contract of sale, it is the part of the plaintiff to prove that there was a written agreement.

3. *Trial—Evidence—Effect of Failure to Object.*

Defendants denying the existence of any contract, did not waive their right to require proof of a valid written contract by a failure to object at the trial to evidence that an oral contract had been made.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Lawrence, January 3, 1906.

Suit by the Bradley Real Estate Company against E. L. Robbins and another. From a judgment in favor of defendants, complainant appeals. Affirmed.

This is a suit in equity for the specific performance of a contract of sale of land, the complaint is as follows:. "Comes the plaintiff, Bradley Real Estate Company, and for cause of action against the defendant states: That it is a corporation duly and legally incorporated under the laws in force in the Indian Territory and doing business in Muskogee in said territory, and that on the 14th day of March, A. D., 1903, the defendant, E. L. Robbins was the owner of lot 1 in block 8 in the town of Muskogee, Creek Nation, Indian Territory, and that on said date it entered into a contract with the said defendant, E. L. Robbins to purchase said lot for the consideration of $1,400, and that at the time of said contract plaintiff paid the de-

fendant E. L. Robbins the sum of $25 as part payment of the purchase price of said property, and that at the same time the said E. L. Robbins executed to the plaintiff the following instrument of writing, to wit:    3-14-1903.    Received of Bradley Real Estate Co. twenty-five dollars, pt. payt. on lot 1 block 8 in town of Muskogee.    E. L. Robbins.'    That under and by virtue of said agreement the said E. L. Robbins was to immediately execute a deed to plaintiff conveying it said lot, and at the same time, plaintiff was to pay the remainder of the purchase money.    Plaintiff further states that defendant Robbins refused to carry out said contract by executing a deed to plaintiff in accordance with said agreement, although plaintiff made a tender of the balance of the purchase money and requested said defendant to execute deed to it; that subsequently said defendant Robbins by his deed, executed and delivered, conveyed said lot to defendant C. L. Steele, as will appear from the copy of said deed, which is hereto attached as a part of this complaint marked 'Exhibit A;' and that said Steele at and before the date of said deed, and before the payment of the purchase price of said lot, had notice of the sale which said defendant Robbins had made to this plaintiff, and was fully informed as to the facts and circumstances of said transaction.    Plaintiff now tenders to said defendants the sum of $1,375, balance of purchase price on said lot.    Wherefore plaintiff prays that the title to said lot which defendant Steele holds be decreed to be held by him in trust for the plaintiff; that he be required to specifically perform the contract which defendant Robbins made with the plaintiff by executing to plaintiff a deed conveying said lot, and plaintiff prays for all proper and equitable relief."    There was a decree by default taken, which was afterwards set aside, and each of the defendants filed his separate answer.    Both deny the contract of sale set up in the complaint.    They admit the execution of the receipt, but allege that the transaction was a loan and not a

sale.    They admit the sale from the defendant Robbins to defendant Steele.    They deny that defendant Steele had any knowledge of a sale of the land by his codefendant to the plaintiff company.    No demurrer was filed to the complaint, and the statute of frauds was not pleaded.    The case was referred to the master in chancery to take proof and report his findings of fact and of law.    Evidence was taken before the master, and his report duly filed.    His findings of fact and of law in every particular favorable to the plaintiff's contention. Pending the suit the death of defendant Robbins was suggested and Grant Foreman was appointed his administrator, and the suit progressed in his name.    The defendants each filed seven exceptions to the master's report; the exceptions of one being identical with that of the other.    The exceptions to the master's report were sustained by the court and a decree was entered for the defendants.

*De Roos Bailey, N. A. Gibson,* and *Geo. S. Ramsey,* for appellant.

*John R. Thomas, Grant Foreman, W. T. Hutchings, G. A. Murphey,* and *W. P. Z. German,* for appellees.

CLAYTON, J, (after stating the facts).    The appellant concedes that the receipt set out in the complaint is not a sufficient memorandum or note in writing to satisfy the requirement of the statute of frauds.    If it be conceded that the description of the land is stated with sufficient certainty, there is no statement in it of the consideration to be paid by appellant, and therefore it is not such a "memorandum or note in writing" as is contemplated by the statute.    The writing, besides describing the land, must also state the consideration.    A partial payment of an uncertain sum is not sufficient.    Williams vs Morris, 98 U. S. 444, 24 L. Ed. 360; Purcell vs Miner, 4 Wall. (U. S.) 513, 18 L. Ed. 435; Barry vs Coombe, 1 Pet. (U. S.) 640, 7 L. Ed. 295; St. L., I. M. & S. R. Co. vs Beidler; 45 Ark.

17; Fry vs Platt, 32 Kan. 62, 3 Pac. 781; Holmes vs Evans, 48 Miss. 247, 12 Am. Rep. 372; Barickman vs Kuykendall, 6 Blackf. (Ind.) 21; McGuire vs Stevens, 42 Miss. 724, 2 Am. Rep. 649; Pomeroy Specif. Perf. § 148. As the receipt was the only writing relating to the contract set out in the pleadings or offered in evidence, it is clear that the agreement was a verbal one, and, being a contract for the sale of land was within the statute. There can be no question but that if the statute had been pleaded or if the demurrer had been followed up by objection to the proof offered to sustain the oral contract, the defendant would have been entitled to his decree of dismissal. But the statute was not specially pleaded and the plaintiff was permitted to prove his oral contract by evidence before the master without objection to the proof. But one objection was entered to the introduction in proof of the receipt as evidence; on what grounds was not stated. Two witnesses, Bradley and Hart were permitted to testify to the oral contract and its conditions without objection, and their testimony clearly established a verbal contract of sale. It was after this testimony was in that plaintiff offered the receipt, which, as before stated was objected to. "It is held in general that by failing to object to the proof of an oral contract a party waives the benefit of the statute and cannot afterward claim it. But this is not so when the statute has been pleaded in defense." 20 Cyc. 320; Farwell vs Tillson, 76 Me. 227; Thomas vs Churchill, 48 Neb. 266, 67 N. W. 182.

As heretofore stated, the statute was not specially pleaded, but the answer denied that there was any contract of sale at all, and in such case in this jurisdiction the burden is thrown upon the plaintiff to show by his proof a written and not a parol valid agreement, and the defendant may insist on the statute as if it had been specially pleaded. The Supreme Court of Arkansas, passing on this very statute, before it was extended by act of Congress over this territory, and therefore

8

binding upon us, in two cases decided this very point.   In the case of Wynn vs Garland, 19 Ark. 34, 68 Am. Dec. 190, the court say:   "Wynn did not set up the statute of frauds in his answer or otherwise, still we hold he is not precluded from availing himself of the advantage of the statute of frauds at the hearing, for the reason that he absolutely denied, in his answer, the making of the agreement charged in the bill.   If a defendant presents the issue of agreement, or no agreement, the complainant must prove a valid agreement.   It is where he admits a verbal agreement that he must insist upon the statute of frauds."   And at the same term, in the case of Trapnall vs Brown, 19 Ark. 47, the court say:   "Though there is some conflict of authorities on the point, the better opinion seems to be (as held in Wynn vs Garland, present term) that, where the defendant denies the agreement or contract alleged in the bill, as in this case, it is not necessary for him to insist in his answer upon the statute as a bar, for the reason that under such denial the complainant must produce legal (written and not parol) evidence of the existence of the agreement."   And the statute having come over here with this interpretation upon it is the statutory law as interpreted.   Sanger vs Flow, 1 C. C. A., 56, 48 Fed. 152; Appolos vs Brady, 1 C. C. A. 299, 49 Fed. 401; Rainwater-Boogher Hat Co. vs Malcolm, 2 C. C. A. 476, 51 Fed. 734; Blaylock vs Muskogee, 4 Ind. Ter. 43, 64 S. W. 609; Boyt vs Mitchell, 4 Ind. Ter. 47, 64 S. W. 610.   And therefore the denial in the answer of any contract of sale as set up in the complaint opened to the defendant every defense that went to the validity or the existence of a legal written contract.   The answer denying any contract of sale, though not specially pleading the statute of frauds, was its equivalent, and put the defendant in the same position in the trial of the case as if it had been specially pleaded.   And the great weight of authority is that when the statute has been pleaded the defendant is not required to offer objections to the introduction of proof of an oral agreement.

In this case it is not necessary to decide the question as to whether the statute of frauds goes to the validity of the contract in its formation, or is only a rule of evidence, because in this jurisdiction the law, as interpreted by the Supreme Court of Arkansas, which interpretation is statutory law to us, is settled that in a suit brought to enforce a contract where the statute provides that it must be evidenced by writing, and the answer denies the contract, the burden of proof is thrown on the plaintiff to establish his case by the production of written evidence of the contract, and unless that is done he must fail. Having tendered the issue by his denial of the contract, the defendant has nothing to do until a written instrument sufficiently showing the existence of a contract is offered in evidence by the plaintiff. Until that is done he has not met the denial of the answer as to the allegations of the complaint. In the case of Wynn vs Garland, supra, the proof of the oral contract was offered in evidence, and it does not appear that any objection was offered to it at the trial. In the case of Trapnall vs Brown, supra, the proof of the oral contract, was also offered in evidence and the objection was first made in argument before the Supreme Court. But this is a suit in equity. Mr. Reed, in his work on the Statute of Frauds, after stating the rule of law as held by the various states, vol. 2, § 521: "It is not necessary to plead the statute of frauds in equity. A denial of the contract in the answer is sufficient. A denial of the contract is stronger in equity, indeed, than at law, being conclusive, unless overcome by two witnesses, or one witness corroborated by circumstances." In the same section he cites from a case in chancery of Upper Canada, in which the judge, in deciding the case, said: "As the result of these authorities, I am therefore prepared to decide that the statute of frauds is open to the defendant as a defense in the present case, though he has not pleaded it, upon the principle that the plaintiff being put to prove the special trust

which he alleges is bound to prove it by evidence sufficient to the requirements of the statute." And in footnote 2 to the same section cites two English cases as laying down the rule in England; the first case being Ridgway vs Wharton, 3 De G., McN & G., 689, by Lord Cranworth, that if a party in a suit in equity is put to proof of an agreement to which the statute of frauds applies, he must establish his case by sufficient evidence within the statute; and the other being Heys vs Astley, 12 W. R. 64, in which Sir George Turner, L. J., approves the decision of Lord Cranworth in Ridgway vs Wharton. "A general denial of any liability is sufficient, though an oral contract was admitted; the only memorandum put in evidence being insufficient." Reeves vs Pye, 1 Cranch. C. C. (U. S.) 220, Fed. Cas. No. 11,662. The only distinction on this point between the Reeves Case, Supra, and the case at bar is that here the oral agreement was proved, while in that case it was admitted. We are of the opinion that in this jurisdiction, especially in equity, where the answer denies the agreement which is within the statute of frauds, the burden is on the plaintiff to prove his case by the production of a sufficient written agreement, and that the mere fact that the defendant has failed to object at the trial to proof of an oral contract, the existence of which in his answer, he has denied, is not a waiver of the statute on his part; and as this case was an action in equity, and the agreement was denied by the answer, and no sufficient written evidence of the contract was produced at the trial, the court below did not err in holding that the plaintiff could not recover.

In this case, the complaint showed on its face that the contract of sale relied on was within the statute of frauds. It also alleges that the defendant Steele purchased the land from his codefendant, Robbins, with actual notice of the contract of sale made by him to plaintiff, and prays that the title to the land by virtue of these facts be decreed to be held by Steele in

trust for the plaintiff, and that he (Steele) be required to specifically perform the contract of sale which the defendant Robbins made with the plaintiff by executing to plaintiff a deed conveying said land to it.   The case of Wright vs Raftree, 181 Ill. 464, 54 N. E. 998, was an action for the specific performance of a contract, and the court found that there was no part performance to take it out of the statute of frauds.   In deciding the case, the court said:   "In view of what is said, it makes no difference whether Wright, who purchased the lots from Stough, had notice of the contract or not.   The evidence tends to show that he had no such notice.   But, if he did have such notice, the law is that notice, actual or constructive, of a contract which is void under the statute of frauds, will not prevent the person having such notice from becoming a purchaser of the property from the original owner.   Where the owner may lawfully refuse to perform a contract, he may lawfully sell and convey to another, and by so doing repudiate the contract, and a purchaser from him will not be affected by the prior sale rendered void by the statute of frauds"—citing Van Cloostere vs Logan, 149, Ill. 588, 36 N. E. 946.   If this be the law, the plaintiff in this case could not maintain his action, even though it may have been proven that Steele had notice of the oral sale made by his codefendant. Robbins, to plaintiff.   That contract as shown by the very face of the complaint, as well as by the proof, was clearly within the statute, and therefore Steele's title as held by the Illinois case, would be absolutely invulnerable to  attack at  law or in equity; and this would put him out of the case, as the complaint seeks to divest him of his title by requiring him to perform Robbins contract of sale to the plaintiff, and asks no relief that a court of  equity could enforce as against the defendant Robbins, and would leave the complaint without any equities.   And, therefore, even if the defendant Robbins, as contended by plaintiff, had waived his right to rely upon the statute, the only action left for the plaintiff would be in a suit at law for damages for the breach of the contract.

The appellant contends that in this case the court erred in sustaining the exceptions filed by the defendants to the master's report, which report was on every point favorable to plaintiff. It is contended that the master's report is prima facie correct, and that the burden of sustaining the exception is on the objecting party, and among others is cited the case of Medsker vs Bonebrake, 108 U. S. 66, 2 Sup. Ct. 351, 27 L. Ed. 654, in which the Supreme Court of the United States say: "The findings made by the master are prima facie correct, and only such matters of law and of fact as are brought before the court by exceptions are to be considered, and the burden of sustaining the exceptions is on the objecting party." As heretofore stated, each of the defendants filed seven exceptions to the master's report, which, with the exception of the name of the party filing them, were identical. Each filed five exceptions to the master's finding of facts, and two to his findings of law; all of which were sustained by the court, and excepted to by plaintiff. The first finding of fact to which exception was taken is as follows: "I find that on that date (March 14, 1903) the defendant E. L. Robbins entered into a contract of sale with the plaintiff, the Bradley Real Estate Company, by the terms of which he agreed to sell and convey to the plaintiff, the Bradley Real Estate Company, the said lot No. 1 in block 8 in the city of Muskogee, for the sum of $1,400; that he executed to plaintiff a written receipt for the said sum of $25, in which it was stated that it was a part payment on the purchase price of said lot. And I find that this was not a loan or intended as such by either of the parties." The important finding of fact covered by this exception is that the transaction between plaintiff and defendant Robbins constituted a "contract of sale," that is, such a contract as would support a decree for the plaintiff, which the master found, as a matter of law, he was entitled to. If it does not mean this, it is meaningless. Whether this agreement amounted to such a sale was the all important

fact in the case. It was the foundation upon which a decree for plaintiff must necessarily rest. Without such a sale proven and found by the master, his finding of law that the plaintiff was entitled to his decree would have been without reason and unintelligible. We have carefully examined the master's report, and nowhere else does he allude to the contract of sale, except to find that the defendant Steele had actual notice of the sale at the time be bought. And therefore, unless we be incorrect in our construction of this language, the facts necessary to be proven to sustain a decree for plaintiff have never been found by the master; in which case it would have been the duty of the court to dismiss the complaint, or to have re-referred it for further proof, or to have gone to the evidence and found the facts for itself. The only reasonable construction is, that the master found the facts to be that the contract of sale was a valid one, that would justify a decree for plaintiff. In this, as we view it, he was wrong. The evidence did not sustain such a finding, and therefore the court did not err in sustaining an exception to this finding. And when this was done, the prima facie case for plaintiff was not only overcome, but an absolute case was made for the defendants, and the court could well have stopped there and found its decree.

As to the other findings of fact, it is not necessary for us to inquire whether the court was right or wrong, because there were no other facts in the case, whatever construction might have been placed upon them, which could have supplied the want of proof of a valid, written contract; and even if the court had committed error as to these, it could not alter the result, and therefore they would have been harmless. And inasmuch as the master had found from the proof that the law entitled plaintiff to a decree that he was not entitled to, the sustaining of an exception to that finding of law necessarily followed. As there were no other equities either pleaded or proven, there was no reversible error in the action of the court in sustaining

defendant's exceptions to the master's report, or in decreeing the dismissal of the complaint for want of equity.

The decree of the court below is therefore affirmed.

GILL, C. J., and TOWNSEND, J., concur.