## ELLIS et al. v. ATLANTA, B. & A. RY. CO. et al.

### (District Court, N. D. Georgia. January 21, 1921.)

1. **Railroads ⟝5½, New, vol. 6A Key-No. Series—Company not liable for transactions during federal control.**

   The liability for a railroad's transactions as a carrier during the period of federal control was that of the United States, and not that of the railroad company, and no cause of action exists against the railroad company under Federal Control Act March 21, 1918, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j).

2. **Railroads ⟝5½, New vol. 6A Key-No. Series—Action against Director General maintainable in district of company's residence prior to orders to contrary.**

   Federal Control Act March 21, 1918, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j), providing that actions might be brought by and against carriers under federal control as provided by law, applied to suits against the Director General, and authorized the bringing of a suit against him in the district of the principal office of the railroad company prior to the issuance of orders of the Director General to the contrary.

3. **Railroads ⟝5½, New, vol. 6A Key-No. Series—Order of Director General fixing venue held authorized.**

   Orders 18 and 18a of the Director General of Railroads, requiring suits to be brought in the district of plaintiff's residence or the district where the cause of action arose, though contrary to Federal Control Act March 21, 1918, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j), were authorized by section 9 (section 3115¾i), providing that carriers under federal control should be subject to all laws and liabilities as common carriers, except so far as inconsistent with law or with "any order of the President."

4. **Constitutional law ⟝62—Railroads ⟝5½, New, vol. 6A Key-No. Series— Provision authorizing Director General to limit venue not delegation of legislative power.**

   Federal Control Act March 21, 1918, § 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾i), construed as authorizing the President, through the Director General of Railroads, to require suits against the Director General to be brought in the district of plaintiff's residence or the district in which the cause of action arose, was not an unconstitutional delegation of legislative power.

At Law. Action by Leigh Ellis and others against the Atlanta, Birmingham & Atlantic Railway Company and another. Suit dismissed.

Watkins, Russell & Asbill, of Atlanta, Ga., for plaintiffs.

Colquitt & Conyers and Brandon & Hynds, all of Atlanta, Ga., for defendants.

SIBLEY, District Judge. The suit is at law against the Atlanta, Birmingham & Atlantic Railway Company and Walker D. Hines, Director General of Railroads, for an alleged liability under the Bills of Lading Act (Comp. St. §§ 8604aaa–8604w), arising during federal control, and was filed in the Northern district of Georgia, in which is the principal office of the Atlanta, Birmingham & Atlantic Railway Company. The petitioners, however, are alleged to be citizens of the state of Texas, and the cause of action to have arisen either in Alabama or in North Carolina. The suit was filed subsequent to April 18, 1918,

---

⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and while General Orders 18 and 18a, promulgated by the Director General of Railroads, were in force. The demurrer raises the question of venue; the contention of the plaintiffs being that the venue is fixed, both for the Director General and for the railroad company, in the district of the latter's home office, and the defendants contending that no cause of action is set forth against the railway company, and that the Director General should be sued either in the district of the plaintiffs' residence or that in which the cause of action arose.

[1] The construction of section 10 of the Federal Control Act of March 21, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j), made by this court in the case of Westbrook v. Director General, 263 Fed. 211, seems supported by the decision of the Circuit Court of Appeals for the Sixth Circuit in Erie Co. v. Caldwell, 264 Fed. 947, and of the Eighth Circuit in the case of Hines, Director General, v. Dahn, 267 Fed. 105, and of Mardis v. Director General, 267 Fed. 171, and in the absence of controlling overruling authority will be adhered to. According thereto the railway company incurred no liability by the transactions set forth in the petition, they being liabilities of the United States alone, and no cause of action is set forth against that company, and the petition is to be dismissed as to it.

[2, 3] According to the construction given in the Westbrook Case to section 10, the sentence, "Actions at law or suits in equity may be brought by and against said carriers and judgments rendered as now provided by law," applies to suits against the Director General, and makes applicable to them the whole code of procedure formerly applying to railroad companies. This would include the matter of venue and the place where suits should be brought, in the absence of any controlling order by the President. Otherwise, prior to the issuance of such orders, there would be no provision on the subject. Accordingly, until the President, through the Director General, issued Orders 18 and 18a, the venue of this suit against the Director General would have been in the district of the principal office of the proprietary railroad company. But those orders undertook to locate suits against the Director General in the district either of the plaintiff at the time of the accrual of the cause of action or that in which the cause of action arose. This suit is filed in neither district; plaintiffs being citizens of Texas and the cause of action arising in a state other than Georgia.

These orders, while at variance with the implication of the sentence quoted from section 10 of the Control Act, are authorized by the language of section 9 (section 3115¾i) and by the preceding sentence in section 10 that—

"Carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control or with any order of the President."

Though this sentence relates rather to the existence of the liability than to the mode of its enforcement, it clearly authorizes the President to withdraw liability altogether to any extent to which he may find its existence incompatible with the purposes of the government control.

The preamble to General Order 18 recites the incompatibility found to exist in answering suits in the old places of venue. If the President could withdraw liability altogether, he might limit it by conditioning the place of its enforcement. As the greater includes the less, this must be involved in the powers given him by Congress.

[4] And especially in time of war this is not an unconstitutional delegation of legislative power. Selective Draft Cases, 245 U. S. 366, 389, 38 Sup. Ct. 159, 62 L. Ed. 349, L. R. A. 1918C, 361, Ann. Cas. 1918B, 856, and cases cited. These orders have been sustained by courts which differ from the construction of section 10 made in the Westbrook Case, and which have found it necessary to construe the orders as giving the whole foundation for suits against the Director General as the representative of the United States (see Nash v. Southern Pacific Rwy. [D. C.] 260 Fed. 280; Blevins v. Hines, Director General [D. C.] 264 Fed. 1005), as well as those whose construction approaches more nearly to that of the Westbrook Case, as Hines, Director General, v. Dahn (C. C. A.) 267 Fed. 105; Mardis v. Director General (C. C. A.) 267 Fed. 171; Wainwright v. Pennsylvania R. Co. (D. C.) 253 Fed. 459; Johnson v. McAdoo (D. C.) 257 Fed. 757; Haubert v. B. & O. R. Co. (D. C.) 259 Fed. 361; Rutherford v. Union Pacific (D. C.) 254 Fed. 880.

It will accordingly be adjudged that the suit against the Director General be dismissed without prejudice.