### HOUSTON, E. & W. T. RY. CO. v. TANNER.
(No. 647.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 3, 1921.)

**1. Evidence ☞34, 46—Judicial notice taken of federal acts and proclamations.**

The appellate court will take judicial knowledge of all public acts and resolutions of Congress and proclamations of the President thereunder, and judicially knows that on October 28, 1918, the Director General of Railroads promulgated his General Order No. 50, and that the President assumed the control, possession, and operation of the Houston, East & West Texas Railway, and that same was under the control of the United States government in September, 1919.

**2. Railroads ☞5½, New, vol. 6A Key-No. Series—Not responsible for acts of servants of federal Director General.**

A railroad is not responsible for a cause of action accruing after the Director General of Railroads took charge and after the promulgation of General Order No. 50, and while its line of railway was still in the hands of the federal government, and is in no way responsible for negligent acts of the servants in furnishing a leaky car for a shipment of chops.

**3. Appeal and error ☞1175(3)—Duty of court to render, as well as reverse, where case was fully developed.**

Where on appeal by defendant from a judgment for plaintiff the undisputed facts clearly show that the case was fully developed in so far as any liability could be asserted against the defendant, it is the duty of the court to reverse and render the judgment in favor of the defendant; facts showing that there was no liability on the part of defendant.

Appeal from Liberty County Court; C. N. Smith, Judge.

Action by J. T. Tanner against the Houston, East & West Texas Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Baker, Botts, Parker & Garwood, Garrison, Pollard, Morris & Berry, and Stevens & Stevens, all of Houston, for appellant.

W. P. Cruse, of Cleveland, for appellee.

O'QUINN, J. Appellee, J. T. Tanner, on January 28, 1920, sued appellant, Houston East & West Texas Railway Company, in the justice court of Liberty county, to recover $175, on account of damage to a shipment of 100 sacks of chops shipped to appellee by the Marshall Elevator Company September 23, 1919, it being claimed that on account of the leaky condition of the car in which the shipment was made the chops got wet and were damaged. The trial in the justice court March 15, 1920, resulted in a judgment for $172.50 as damages and $20 as attorney's fees, from which judgment appellant appealed to the county court of Liberty county. The case was tried de novo in the county court April 30, 1920, before a jury, and resulted in a verdict and judgment for appellee in the sum of $167.25 and $20 attorney's fees, from which said judgment the appellant has appealed to this court.

Appellant's first assignment of error (presenting fundamental error upon the face of the record) is as follows:

"The judgment is affected with fundamental error apparent on the face of the record, in awarding a recovery against the plaintiff in error, Houston, East & West Texas Railway Company, and directing the issuance of execution against it for the collection thereof, for it appears from the undisputed proof that the time of the shipment of the chops in question and the date of the damage to the same, which gave rise to defendant in error's cause of action, was, to wit, September, 1919; and, as this honorable court judicially knows, the President of the United States, pursuant to authority granted by an act of Congress, had assumed the control, possession, and operation of the Houston, East & West Texas Railway, and was on said date in the possession and control thereof, and operating the same through and by Walker D. Hines, Director General of Railroads, and had excluded said railway company from the custody, control, and management of said railway."

[1] The undisputed evidence shows that the cause of action accrued, and the suit was filed at a time when the railroads of this country were in the hands of the federal government. The Director General of Railroads was not made a party to the suit, but the suit was prosecuted against the railway company alone. This question was not raised below, but this court will take judicial knowledge of all public acts and resolutions of Congress and proclamations of the President thereunder. Western Union Telegraph Co. v. Robinson, 225 S. W. 877; Apollos v. Staniforth, 3 Tex. Civ. App. 502, 22 S. W. 1060; Jones v. Laney, 2 Tex. 349;

Railway Co. v. Jarman, 138 S. W. 1131. Accordingly, this court judicially knows that on October 28, 1918, the Director General of Railroads, promulgated his General Order No. 50, in which, among other things, it provided:

"That actions at law, suits in equity, and proceedings in admiralty hereafter brought in any court, based on contract, binding upon the Director General of Railroads, claims for death or injury to person or for loss and damage to property arising since December 21st, 1917, and growing out of the possession, use, control, or operation of any railroad or system of transportation by the Director General of Railroads, which action, suit or proceedings, but for federal control, might have been brought against the carrier company, shall be brought against William G. McAdoo, Director General of Railroads, and not otherwise; provided, however, that this order shall not apply to actions, suits or proceedings for recovery of fines, penalties and forfeitures."

[2] As this cause of action accrued after the Director General took charge of the railway of appellant, and after the promulgation of the General Order No. 50, and while its line of railway was still in the hands of the federal government, the railway company was in no way responsible for the acts of the servants of the Director General of Railroads; therefore no liability on the part of the Houston East & West Texas Railway Company was or could be established by appellee in this case, and this assignment is sustained. Railway Co. v. Clevenger, 223 S. W. 1036; Mardis v. Hines (D. C.) 258 Fed. 945; Haubert v. B. & O. R. Co. (D. C.) 259 Fed. 361.

[3] There are other questions in the record, but in view of our holding above, we do not deem it necessary to discuss them. The undisputed facts clearly showing that the case was fully developed, in so far as any liability could be asserted against the appellant, therefore it is the duty of this court to reverse and render the judgment in favor of appellant, which is accordingly done.

Reversed and rendered.

---

&approx;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes