## AMERICAN RY. EXPRESS CO. v. SILVERSTEIN–SCHLOSSBERG CO.
### (No. 11062.)

(Court of Civil Appeals of Texas. Fort Worth. March 14, 1925.)

**1. Evidence ⬤⇒34, 46—Courts required to take judicial notice of all public acts and resolutions of Congress, and proclamations of President thereunder.**

Courts are required to take judicial notice of all public acts and resolutions of Congress, and proclamations of the President thereunder.

**2. Railroads ⬤⇒5½, New, vol. 6A Key-No. Series—Carrier not suable for negligence occurring during federal control.**

Liability of a railroad or express company during federal control thereof, pursuant to provisions of Federal Control Act, March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), or of the Act Aug. 29, 1916 (U. S. Comp. St. § 1974a), was that of the United States and not that of railroad or express company, hence no cause of action exists against express company after expiration of federal control, based upon negligent act occurring during federal control, in view of Transportation Act, Feb. 28, 1920, § 206 (U. S. Comp. St. Ann. Supp. 1923, § 10071¼cc).

**3. Appeal and error ⬤⇒719(8) — Awarding judgment against express company, based on cause of action during federal control, held fundamental error.**

Awarding judgment against express company, based on cause of action arising during federal control, under Federal Control Act, March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), or Act Aug. 29, 1916 (U. S. Comp. St. § 1974a), held fundamental error not required to be raised by assignment, in view of Transportation Act, Feb. 28, 1920, § 206 (U. S. Comp. St. Ann. Supp. 1923, § 10071¼cc).

Appeal from Parker County Court; Charlie Sullivan, Judge.

Action by the Silverstein-Schlossberg Company against Frank Carter, who interposed a cross-action against the American Railway Express Company. Judgment for plaintiff against defendant Carter and in favor of latter against the express company, from which the company appeals. Reversed as to the express company, and rendered; otherwise affirmed.

Shropshire & Bankhead, of Weatherford, for appellant.

Grindstaff & Zellers and Hood & Shadle, all of Weatherford, for appellee.

BUCK, J.   Silverstein-Schlossberg Company, of Baltimore, Md., dealers in suits, filed suit in the justice court of Parker county against Frank Carter, owner of the Carter-Calloway Dry Goods Company, for $94.50, alleged to be due for certain suits of clothes sold and delivered by plaintiffs on February 24, 1920. Carter made the American Railway Express Company a party defendant, alleging that the express company, the carrier employed in the shipment, had never delivered him the goods, and that he had not received them, if in fact the goods had been shipped.

The defendant express company, among other defenses, pleaded that the transaction occurred while the express company was under the direct control of and being operated by the United States government, and that the contract of shipment alleged was executed and delivered by the defendant express company by its duly authorized agent and representative of the then Director General of Railroads. It further pleaded that the bill of lading, alleged to be a contract between the shipper and the express company, provided:

"Except where the loss, damage, or injury complained of is due to delay or damage by being loaded or unloaded, or damaged in transit, by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carriers within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed."

It was further alleged that neither the shipper nor Frank Carter had filed a claim in writing with the express company within

said time. From a judgment in favor of plaintiff and against Carter, and in favor of the defendant Carter over against the express company, the express company has appealed.

It is urged that the trial court erred in overruling the express company's special exception against plaintiff's petition and the cross-action by the defendant Frank Carter against it, in that the trial court must have known, and, by way of parenthesis it may be said that such fact is shown in the testimony, that on February 24, 1920, at the time of the shipment of the goods in controversy, the American Railway Express Company was being operated by the United States government, under the direction of the Secretary of the Treasury and Director General of Railroads, through the agency of officials of said express company, and that all revenues derived from such operation then belonged to and were held by such officers, agents, and employés, subject to the order of the Secretary of the Treasury of the United States and the Director General of Railroads, agreeable to acts of Congress and proclamations duly passed and made and promulgated by the Congress of the United States and the President of said United States, and that at said time and on said date the defendant express company was in no way or manner liable to said defendant, Frank Carter, for the loss and damage of which he complains; therefore, that this suit can now only be legally brought and prosecuted against the Director General of Railroads, as Agent, as provided under the terms and provisions of one certain act of Congress of the United States of America, known as the Transportation Act of 1920, c. 91 (41 Stat. U. S. 456).

[1] Fundamental error is urged upon the same ground, and it is further urged that the sole right to bring suit after termination of federal control, on a cause of action arising out of the operation by the government of common carriers, grows out of the Transportation Act of February 28, 1920, which requires such suit to be brought against the agent designated by the President for such purposes; and, it appearing from the allegations in appellee's pleading this suit was brought after the termination of federal control of the properties of this appellant upon a cause of action arising out of the operation by the government of the properties of this appellant as a common carrier, that the court committed reversible error in overruling appellant's special exception urged to the insufficiency of the petition, pleading, and cross-action by the appellee, Frank Carter. Courts are required to take judicial knowledge of all public acts and resolutions of Congress and proclamations of the President

thereunder. W. U. Tel. Co. v. Robinson (Tex. Civ. App.) 225 S. W. 877; H. E. & W. T. Ry. Co. v. Tanner (Tex. Civ. App.) 227 S. W. 713; W. U. Tel. Co. v. Wallace (Tex. Civ. App.) 235 S. W. 282.

By Act Feb. 28, 1920, § 206 (page 77, Federal Statutes Supplement 1920 [U. S. Comp. St. Ann. Supp. 1923, § 10071¼cc]), it is provided:

"Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916) of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

[2] The liability of a railroad or express company, during the period of federal control thereof, was that of the United States, and not that of the railroad company or express company, and no cause of action exists against the express company after the federal control has ceased by reason of any act of negligence occurring during the period of federal control. Ellis v. A. B. & A. Ry. Co. (D. C.) 270 F. 279; Lancaster v. Morgan (Tex. Civ. App.) 227 S. W. 524, affirmed in (Tex. Com. App.) 239 S. W. 934; H. E. & W. T. Ry. Co. v. Wilkerson (Tex. Civ. App.) 224 S. W. 574; Hines v. Collins (Tex. Civ. App.) 227 S. W. 332; Western Union Telegraph Co. v. Dick (Tex. Civ. App.) 235 S. W. 287; and other cases.

[3] Therefore we conclude that neither the plaintiff nor defendant Carter had any cause of action against the defendant company, but the cause of action, if any, for loss or injury occurring during the period of federal control, was against the agent designated by the President as the agent against whom suits should be brought. We are of the opinion that the action of the trial court in awarding judgment against the appellant company constitutes fundamental error, if it were not raised in any of the assignments of appellant. Therefore the judgment against the appellant and in favor of the defendant Carter is reversed, and judgment is here rendered that appellant go hence without day and recover its costs.

No complaint is made of the judgment in favor of the plaintiff below against the de-

fendant Carter. He has not appealed; therefore the judgment as between plaintiff and Carter is left undisturbed.

Judgment reversed and rendered in part; left undisturbed in part.