### KELLY v. McMULLAN.
### No. 2666.

Court of Civil Appeals of Texas. El Paso.
April 21, 1932.

J. M. Caldwell, of Midland, for appellant.

Haag & Stubbeman, of Midland, for appellee.

PELPHREY, C. J.

Appellee brought suit against appellant for the sum of $575, which he alleged to be due him by reason of the fact that he furnished appellant information as to the closing out of the Acorn Stores, Inc., a corporation.

Appellee's allegations were that appellant's business was to conduct closing-out sales for other parties; that by virtue of the information furnished by appellee, appellant secured contracts for conducting closing-out sales of a number of stores which had been previously operated by the Acorn Stores, Inc.; that appellant for handling such sales in the state of Delaware and in Texas received the sum of approximately $13,000; that the usual and customary commission in such cases, and which appellant contracted and agreed to pay appellee, was $650, of which $75 had been paid, but he had refused to pay the balance.

Appellant answered by general demurrer, special exceptions, denied that appellee furnished him any information which was of value or assistance in doing business with the Acorn Stores, Inc.; alleged that prior to the time he received the information, the Acorn Stores, Inc., had gone into the hands of a receiver, and that transactions thereafter relative to closing out the business were not with the persons to whom appellee had referred in giving the information, but the negotiations were conducted with the Irving Trust Company of New York, who had long previous thereto been a regular correspondent of the corporation which appellant represented, and that the information furnished by appellee was of no value; that in any transaction had by him with appellee he was acting as representative and president of the T. K. Kelly Sales System, Inc., a Delaware corporation; that appellee knew or by the use of reasonable diligence could have known such fact; and that if any one was indebted to appellee it was said corporation and not appellant.

Appellee garnished John Hassen, who answered that he was indebted to the T. K. Kelly Sales System, Inc., in the sum of $220.45, but that he was not indebted to Thomas K. Kelly unless Kelly and the T. K. Kelly Sales System were one and the same.

Upon motion this suit and the garnishment suit were consolidated.

In response to special issues a jury found: (1) That Kelly agreed to pay McMullen a commission on the sale of the goods of the Acorn Stores, Inc., of Texas, that were sold by the T. K. Kelly Sales System; (2) that T. K. Kelly and the T. K. Kelly Sales System were one and the same; (3) that McMullan was the procuring cause of the sales in question; (4) that Hassen owed the $220.45 to Kelly; and (5) that Kelly owed McMullan $575.

Upon his motion for a new trial being overruled, Kelly has perfected an appeal to this court.

### Opinion.

Appellant's assignments are:

"First Assignment. The court erred in submitting this case to the jury and not instructing a verdict for Defendant, Thomas K. Kelly, because the uncontradicted evidence shows that all transactions had with plaintiff in this case, this appellant was acting as the representative of T. K. Kelly Sales System, Inc., a corporation and not as an individual.

"Second Assignment. The court erred in refusing to direct a verdict and submitting the case to the jury, because the undisputed testimony of this case shows that the plaintiff J. P. H. McMullan was in the employ of the Acorn Stores, Inc., and received his pay in and about this matter from the Acorn Stores, Inc., and the Receiver thereof, and it is contrary to public policy and good conscience for him to peddle confidential information."

Appellee alleged in his petition that Thomas K. Kelly was a resident of Minneapolis, Hennepin county, Minn., and conducting a business under the name of T. K. Kelly Sales System.

There is evidence in the record to show the existence of a Delaware corporation known as the T. K. Kelly Sales System, Inc., and appellant himself testified that he had transferred the T. K. Kelly Sales System to that corporation in 1929.

It also appears that appellant is a resident of Minneapolis, Minn., and that the contract with the Hassen Company was made by the T. K. Kelly Sales System of the City of Minneapolis, and not by the Delaware corporation. The record further shows that the payments made by the receivers of the Acorn Stores were made to the T. K. Kelly Sales System.

The letter from appellee of March 28, 1930, giving appellant information as to the closing out of the Acorn Stores, was addressed to T. K. Kelly and the telegram in reply thereto was signed by him individually. Appellant's own testimony shows that the T. K. Kelly Sales System, Inc., has no permit to do business in Texas and is not doing any business therein, and the printed stationery in the record shows the address of the T. K. Kelly Sales System to be Minneapolis, Minn.

█ Under the record here we think the question of whether the commission was contracted to be paid by Kelly doing business under the name of the T. K. Kelly Sales System, or by him as a representative of the Delaware corporation, was one of fact, and, therefore, appellant was not entitled to an instructed verdict as contended for in his first assignment of error. The case of American, Ry. Express Co. v. Silverstein-Schlossberg Co. (Tex. Civ. App.) 271 S. W. 242, cited by appellant, is not, in our opinion, controlling. In that case an attempt was made to make the express company a party to the suit, the transaction having occurred at a time when said company was under the control of and being operated by the United States government. The court held that it was required to take judicial knowledge of all public acts and resolutions of Congress and proclamations of the President thereunder, and con-

cluded that any cause of action for loss occurring during the period of federal control was against the agent designated by the President and not against the express company.

█ Nor can we agree that appellant was entitled to an instructed verdict because appellee was employed by, and receiving pay from, the Acorn Stores, Inc., and the receiver thereof. In the first place appellee was employed as manager of the Midland Store, and, as far as the record shows, had nothing to do with any of the stores that were to be closed out, and was not employed to find some one to put on the closing-out sales.

His pay was solely, as far as this record shows, for managing the Midland Store, and it was no part of his duty, as such manager, to take any part in the closing-out of the other stores.

While it is true that his information as to the contemplated closing of the other stores came to him by virtue of his employment, we are not prepared to say that he is thereby precluded from a recovery in this case; there being nothing to show that any injury resulted to appellee's employer by reason of the information being given to appellant.

Finding no reversible error, the judgment of the trial court is affirmed.